## HERB *v.* PITCAIRN ET AL., RECEIVERS FOR WABASH RAILWAY CO.

NO. 24.

Decided April 23, 1945.

*Messrs. Roberts P. Elam* and *Mark D. Eagleton* for petitioner.

*Messrs. Carleton S. Hadley, Geo. D. Burroughs, Bruce A. Campbell, James A. Farmer* and *Walton Whitwell* for respondents.

MR. JUSTICE JACKSON delivered the opinion of the Court.

These cases were heretofore considered and disposition was deferred to enable petitioners to apply for clarification of the grounds upon which the Supreme Court of Illinois intended to rest its judgments. *Herb* v. *Pitcairn,* 324 U. S. 117.

That court, responding to petitioners' request, has made clear that its judgment resulted solely from its interpretation of a federal statute of limitations applicable to actions under the Federal Employers' Liability Act which provided: "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." 35 Stat. 66, 45 U. S. C. 56; amended to three years, August 11, 1939, 53 Stat. 1404. That court said (March 21, 1945) that it "did not pass upon any of the questions certified except to apply the limitation of two years fixed in the last-mentioned statute after deciding whether said cause had been commenced when it was filed in the city court of Granite City, Illinois." And it added: "We observed that section 6 of the Federal Employers' Liability Act required the plaintiff to commence an action within two years from the date of the injury; that the city court of Granite City had no jurisdiction of the cause for the reasons set forth in the opinion, and that, under Illinois law, commencing an action means starting it in a court that has the power to decide the matter involved, to issue process, to bring the parties to the particular cause before it and to render and enforce a judgment on the merits of said cause."

We are unable to agree to an interpretation of the federal statute by which a case is not "commenced" for its purposes unless instituted in a court with power to proceed to final judgment. An action is "commenced" for these purposes as a matter of federal law when instituted by

service of process issued out of a state court, even if one which itself is unable to proceed to judgment, if the state law or practice directs or permits the transfer through change of venue or otherwise to a court which does have jurisdiction to hear, try, and otherwise determine that cause. Whether the action would be barred if state law made new or supplemental process necessary is a question not involved here and not decided. Clearly, however, when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment without issuance of new initial process, it is enough to commence the action within the federal statute. As these cases were dismissed solely because of a contrary view, the judgments are reversed and the causes remanded to the Supreme Court of Illinois for further proceedings not inconsistent with our opinions herein.