## 23234

Johnny R. FREEMAN, Appellant v. SOUTH CAROLINA PUBLIC
RAILWAYS COMMISSION, Respondent.

(393 S.E. (2d) 383)

Supreme Court

*Donald J. Budman,* of *Solomon, Kahn, Smith & Baumil,* Charleston, *for appellant.*

*Keating L. Simons, III,* of *Holmes & Thompson,* Charleston, *for respondent.*

Heard Feb. 6, 1990.

Decided July 2, 1990.

CHANDLER, Justice:

Johnny R. Freeman (Freeman) appeals an Order dismissing his action against Respondent, South Carolina Public Railways Commission (Railway).[1]

We affirm.

## FACTS

Freeman, a conductor for Railway, was injured in July, 1986, while in the scope of his employment. Thereafter, he brought suit alleging Railway's liability under the Federal

---

[1] Railway is an agency of the State of South Carolina.

Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*[2] Circuit Court dismissed Freeman's complaint, holding that a FELA suit may not be maintained against a State in its Courts.

## ISSUE

The sole issue is whether a State may be subjected in its own Courts to FELA actions.

## DISCUSSION

In *Parden v. Terminal Railway of Alabama,* 377 U.S. 184, 84 S. Ct. 1207, 12 L. Ed. (2d) 233 (1964), the U.S. Supreme Court held that an employee of a State owned railroad may maintain a FELA action against the State in Federal Court.

In reaching its decision, the Court addressed two issues: (1) Did Congress, in enacting FELA, intend to subject State owned railways to suit? and (2) Did Congress have the power to do so as against a State's claim of sovereign immunity?

*Issue One:* The Court held that the language *"every* common carrier by railroad in interstate commerce" was all-embracing, and indicated Congress' intent that State owned railways be included within its terms. Accordingly, the Court read FELA to authorize Federal suits against State owned railways.

*Issue Two:* Having decided that FELA authorizes such suits, the Court then held that Congress had the *power* to abrogate a State's immunity, stating "the States surrendered a portion of their sovereignty when they granted Congress the power to regulate commerce." 377 U.S. at 191, 84 S. Ct. at 1212, 12 L. Ed. (2d) at 239.

Thereafter, in *Welch v. State Department of Transportation,* 483 U.S. 468, 107 S. Ct. 2941, 97 L. Ed. (2d) 389 (1987), the Court overruled the first holding of *Parden* to the extent that it "is inconsistent with the requirement that an abrogation of Eleventh Amendment immunity by Congress must be expressed in *unmistakably clear* language . . ." 483 U.S. at 478, 107 S. Ct. at 2948, 97 L. Ed. (2d) at 399

---

[2] FELA subjects every common carrier by railroad engaging in interstate commerce to liability to employees injured as a result of the carrier's negligence. State Courts have concurrent jurisdiction with Federal Courts in FELA suits. 45 U.S.C. § 56.

[Emphasis supplied].[3] Accordingly, absent such language, the Eleventh Amendment bars FELA suits in Federal Court.[4]

The issue remains, however, whether a State may, nonetheless, be subjected to FELA liability in *State* Courts. The recent U.S. Supreme Court decision in *Will v. Michigan Dept. of State Police*, 491 U.S. —, 109 S. Ct. 2304, 105 L. Ed. (2d) 45 (1989), is dispositive of that issue.

*Will* involved a 42 U.S.C. § 1983 suit brought against the State of Michigan in a Michigan State Court. The Court stated:

> If Congress intends to alter the usual Constitutional balance between the States and the Federal government, it must make its intention to do so unmistakably clear in the language of the statute. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S. Ct. 3142, 87 L. Ed. (2d) 171 (1985) . . . *Atascadero* was an Eleventh Amendment case, but a similar approach is applied in other contexts. Congress should make its intention 'clear and manifest' if it intends to pre-empt the historic powers of the States (citation omitted).

491 U.S. at —, 109 S. Ct. at 2308, 105 L. Ed. (2d) at 54.

Accordingly, in *Will*, after finding that § 1983 did not con-

---

[3] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

This amendment also bars suits in Federal Court against a citizen's own state. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). However, the Eleventh Amendment does not bar suits against a State in State Court. *See, Nevada v. Hall*, 440 U.S. 410, 99 S. Ct. 1182, 59 L. Ed. (2d) 416 (1979).

[4] *Welch* explicitly left open the second holding of *Parden*, i.e., Congress' power to abrogate Eleventh Amendment immunity. This issue was recently resolved in *Pennsylvania v. Union Gas*, 491 U.S. —, 109 S. Ct. 2273, 105 L. Ed. (2d) 1 (1989) in which the Court stated that Congress' "power to regulate commerce includes the power to override State's immunity from suit, but *we will not conclude that Congress has overridden this immunity unless it does so clearly.*" 491 U.S. at —, 109 S. Ct. at 2281, 105 L. Ed. (2d) at 16 (Emphasis supplied). Accordingly, the fact that Congress has the *power* to override immunity is irrelevant unless it has, in fact, done so in unmistakably clear language.

tain language unmistakably subjecting States to liability, the Court stated "we cannot accept petitioner's argument that Congress intended nevertheless to create a cause of action against States to be brought in State Courts . . ." 491 U.S. at —, 109 S. Ct. at 2309, 105 L. Ed. (2d) at 55.

*Welch* makes manifest the absence in FELA of the requisite "unmistakably clear language." As in *Will,* we find no rationale to subject States to FELA liability in State Courts, when Congress has expressed no intent to so subject them in Federal Court.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.