Clarence W. Coleman sued the Alabama State Docks Terminal Railway ("Terminal Railway") under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51-60, alleging that he was injured while working within the line and scope of his employment with Terminal Railway. Terminal Railway moved to dismiss Coleman's action, asserting its immunity from suit under the doctrine of sovereign immunity as provided by Art. I, § 14, Ala. Const. of 1901. The trial court granted Terminal Railway's motion, and Coleman appealed.
The only issue raised in this appeal is whether the FELA creates a cause of action against Terminal Railway enforceable in a state court notwithstanding the doctrine of sovereign immunity.
After the trial court dismissed Coleman's complaint, but before Coleman filed his brief on appeal, the United States Supreme Court released its opinion in Hilton v. South CarolinaPublic Railways Commission, ___ U.S. ___, 112 S.Ct. 560,116 L.Ed.2d 560 (1991). The Hilton case addressed the identical issue raised in this appeal: whether the FELA creates a cause of action against a state-owned railway enforceable in a state court notwithstanding the doctrine of sovereign immunity. A divided Court in Hilton answered that issue in the affirmative. *Page 913 
The plaintiff in Hilton was an employee of the South Carolina Public Railways Commission, which was created for the purpose of operating a state-owned common carrier to engage in interstate commerce by railroad. Hilton alleged that he was injured in the scope of his employment, and that the railways commission's negligence caused his injuries. The South Carolina state trial court dismissed Hilton's complaint on the grounds that his FELA suit could not be maintained against the state in a state court because of the doctrine of sovereign immunity. Hilton appealed to the Supreme Court of South Carolina.
While Hilton's case was on appeal, the Supreme Court of South Carolina decided Freeman v. South Carolina Public RailwaysCommission, 302 S.C. 51, 393 S.E.2d 383 (1990). The Freeman
court affirmed the dismissal of an FELA action against the railways commission, reasoning that a federal statute will not be interpreted to create a cause of action for money damages against a state unless it contains unmistakably clear language showing that Congress intended to do so. The court then decided that the text of the FELA does not subject the states to liability. When Hilton's case reached the Supreme Court of South Carolina, that court affirmed the trial court's dismissal of the action in a one-sentence opinion, citing Freeman.
Thereafter, the United States Supreme Court granted certiorari review of Hilton's case.
In reversing the judgment of the Supreme Court of South Carolina, the United States Supreme Court relied upon the doctrine of stare decisis, reaffirming a portion of Parden v.Terminal Railway of Alabama State Docks Department,377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). In Parden, the Court had held that the FELA authorizes suits for damages against state-owned railroads and that by entering the business of operating a railroad the state waives its Eleventh Amendment immunity from suit in federal court. However, in 1987, Welch v.Texas Department of Highways Public Transportation,483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987), expressly overruled that portion of Parden holding that a state that enters the business of operating a railroad waives its Eleventh Amendment immunity. The majority in Hilton, however, ruled that that part of Parden holding that the FELA authorized suits for damages against state-owned railroads in state courts is still good law.
The United States Supreme Court's holding in Hilton makes it clear that the FELA creates a cause of action enforceable in a state court against a state-owned railway. Moreover, Terminal Railway admits that it is a common carrier engaged in the business of operating a railroad in interstate commerce. Therefore, in view of Hilton, we hold that Coleman has the right to maintain his FELA action against Terminal Railway in the state court. Accordingly, the judgment of the trial court is due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.