Jerry C. Mason sued Terminal Railway of the Alabama State Docks Department under provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51-60 (1988), alleging that he was injured while working within the line and scope of his employment with Terminal Railway. Terminal Railway moved to dismiss the action on the ground that Mason's claim was barred by the three-year FELA statute of limitations, 45 U.S.C. § 56. The trial court denied the motion, and this Court granted Terminal Railway permission to appeal. See Ala.R.App.P. 5.
For purposes of this appeal, the pertinent facts are as follows: On January 14, 1988, Mason was injured on the job while he was an employee of Terminal Railway. On January 8, 1991, he filed an FELA action in the United States District Court for the Southern District of Alabama. The district court dismissed his action with prejudice on April 18, 1991, holding that Mason's claim was barred by the doctrine of sovereign immunity. Mason appealed that dismissal to the Eleventh Circuit Court of Appeals.
While his appeal was pending in the Eleventh Circuit, the United States Supreme Court decided Hilton v. South CarolinaPublic Railways Commission, ___ U.S. ___, 112 S.Ct. 560,116 L.Ed.2d 560 (1991). The Supreme Court held that Congress, in enacting the FELA, had intended to create a cause of action against state-owned railroads and the Supreme Court held that such a cause of action, if brought in a state court, would not be barred by the constitutional sovereign immunity created by the Eleventh Amendment to the United States Constitution. Id.
at ___, 112 S.Ct. at 565. On March 12, 1992, the Eleventh Circuit affirmed the district court's dismissal of Mason's action.
Shortly after the Hilton decision was released and shortly after the Eleventh Circuit affirmed the dismissal of Mason's FELA action, this Court, on March 27, 1992, decided Coleman v.Alabama State Docks Terminal Railway, 596 So.2d 912 (Ala. 1992). In Coleman, this Court held that FELA claims against Terminal Railway may be brought in state court and are not barred by the sovereign immunity created under § 14 of the Alabama Constitution of 1901. 596 So.2d at 913. On March 31, 1992, before the time to appeal the Eleventh Circuit's judgment had expired, Mason filed his FELA action in state court.
Terminal Railway filed a motion to dismiss the state court action on the ground that Mason's claim, arising over four years before he filed his action in the state court, was barred by the three-year FELA statute of limitations. The trial court denied the motion to dismiss, and Terminal Railway, with permission from this Court in accordance with Ala.R.App.P. 5, appealed.
An action under FELA must be commenced "within three years from the day the cause of action accrued." 45 U.S.C. § 56. An FELA cause of action accrues at the time of the injury. Mason was injured on January 18, 1988; therefore, Terminal Railway claims that this action, filed in the state court more than four years later, is time barred.
Mason contends that the running of the statutory limitation period was tolled while his claim was pending in the federal courts, and that because he filed his action in the state court before the Eleventh Circuit's judgment became final, his state FELA action was timely filed. Quoting Burnett v. New YorkCentral R.R., 380 U.S. 424, 427, 85 S.Ct. 1050, 1054,13 L.Ed.2d 941 (1965), Mason argues that his commencement of the federal action should toll the running of the statutory period of limitation because, he says, "the FELA limitation period is not totally inflexible, [and,] under appropriate circumstances, it may be extended beyond three years." In Burnett, the United States Supreme Court held that the running of the FELA limitation period was tolled during the pendency of the state *Page 639 
court action because the state court had jurisdiction, the parties were properly served, and the state court action was dismissed for lack of proper venue. 380 U.S. at 434-35,85 S.Ct. at 1058. Terminal Railway argues that the holding ofBurnett is limited to the facts of that case and, therefore, that the running of the FELA limitation period is tolled during the pendency of an action only when that action is filed in a state court with jurisdiction, the parties are properly served, and the action is subsequently dismissed for lack of proper venue.
The issue in this case is whether the running of the FELA limitation period is tolled while an FELA action is pending in a federal court against a state-owned railroad and the action is subsequently dismissed based upon the state's immunity under the Eleventh Amendment. FELA actions are to be decided based on federal law. Burlington Northern R.R. v. Warren, 574 So.2d 758
(Ala. 1990). However, we note that the issue in this case is one of first impression in federal, as well as state, courts; therefore, we will decide this issue as we predict the federal courts would have decided it. See, e.g., Safeco Ins. Co. ofAmerica v. Wetherill, 622 F.2d 685 (3d Cir. 1980) (federal court "predicts" course of state law on issue of first impression regarding state law).
The rationale supporting the Burnett decision provides significant guidance to this Court in resolving the issue before us. As discussed above, Burnett held that the running of the limitation period on an FELA action was tolled while that action was pending in a state court with jurisdiction but without proper venue, and when the parties had been properly served. Burnett, 380 U.S. at 427, 85 S.Ct. at 1054. The Burnett
Court also held that the "basic inquiry" in deciding whether the running of the limitation period was tolled was "whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." Id. The Supreme Court further explained:
 "In order to determine congressional intent, we must examine the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act. Such an examination leads us to conclude that it effectuates the basic congressional purposes in enacting this humane and remedial Act, as well as those policies embodied in the Act's limitation provision, to hold that when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action.
 "Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' Order of Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 348-349, 64 S.Ct. 582, 586, 88 L.Ed. 788 [(1944)]. Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.
 "This policy of repose, designed to protect defendants, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights."
380 U.S. at 427-28, 85 S.Ct. at 1054.
The Burnett Court also stated that "the humanitarian purpose of the FELA makes clear that Congress would not wish a plaintiff deprived of his rights when no policy underlying a statute of limitations is served in doing so." 380 U.S. at 434,85 S.Ct. at 1058.
Justice Douglas, concurring specially in Burnett, relied onHerb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483
(1945), *Page 640 
and stated that the cause of action was timely commenced within the meaning of 45 U.S.C. § 56 because "[the] process [had] been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment without issuance of new initial process." 380 U.S. at 436,85 S.Ct. at 1059 (Douglas, J., concurring) (quoting Herb,325 U.S. at 79, 65 S.Ct. at 955) (emphasis in original); see alsoBurnett, 380 U.S. at 426, 85 S.Ct. at 1053.
Applying the above rationale, we hold that the running of the statutory period of limitation was tolled while Mason's action was pending in the federal courts; thus, the subsequent filing in the state court was timely. First, we hold that the federal court had "jurisdiction" over the action, despite the subsequent dismissal based on the Eleventh Amendment. "[T]heEleventh Amendment's status as a jurisdictional bar is not so broad as to preclude a state's consent to suit." 13 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practiceand Procedure § 3524, at 167 (1988). Because a state may waive its constitutional sovereign immunity, we hold that the federal court was a "court with jurisdiction" for purposes of determining whether the running of the limitation period was tolled while the federal action was pending.
Second, we note that Terminal Railway received notice of Mason's FELA claims through proper service of process. The notice was timely and it adequately informed Terminal Railway of Mason's claims. We hold that that "process [was] adequate to bring in the parties and to start the case on a course of judicial handling which [might have led] to final judgment without issuance of [a] new initial process." See Burnett,380 U.S. at 436, 85 S.Ct. at 1059.
Third, despite the fact that Mason filed his FELA claim in a forum in which Terminal Railway could absolutely defeat his claim by asserting its constitutional sovereign immunity, we find no evidence that allowing the running of the limitation period to be tolled while Mason's action was pending in the federal court prejudices Terminal Railway. "[Terminal Railway] could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that [Mason] was actively pursuing his FELA remedy." See Burnett, 380 U.S. at 429-30,85 S.Ct. at 1055.
Therefore, we hold that "the basic congressional purposes in enacting this humane and remedial Act [FELA], as well as those policies embodied in the Act's limitation provision," are effectuated by tolling the running of the limitation period while Mason's FELA claim was pending in the federal courts.See Burnett, 380 U.S. at 427-28, 85 S.Ct. at 1054. The denial of Terminal Railway's motion to dismiss is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.