693 So.2d 226 (1997)
Gary Wayne JOHNSON, Plaintiff-Appellee,
v.
ACADIANA RAILWAY COMPANY, Defendant-Appellant.
No. 96-263.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1997.
*227 Jarvis Jerome Claiborne, Opelousas, Norris Joseph Greenhouse, Marksville, for Gary Johnson. Shelly D. Dick, Baton Rouge, for Acadiana Railway.
Before DECUIR, AMY and GREMILLION, JJ.
AMY, Judge.
Defendant/Appellant, Acadiana Railway, brought this appeal which involves the propriety of the Twelfth Judicial District Court's determination of parishes of proper venue in connection with the merits of appellant's Exception of Prescription. For the following reasons, we reverse and dismiss plaintiff's suit with prejudice.

DISCUSSION OF THE RECORD
On January 9, 1995, the last day of the prescriptive period, Gary Johnson filed a Petition for Damages pursuant to the Federal Employer's Liability Act [FELA] in the Twenty-Seventh Judicial District Court for *228 the Parish of St. Landry. The petition alleges that Mr. Johnson sustained injuries while employed by Acadiana Railway, on January 8, 1992. Acadiana Railway was not served with process until January 11, 1995, after prescription had run.
Acadiana Railway timely filed an Exception of Improper Venue in St. Landry Parish. Mr. Johnson stipulated that suit was filed in a court of improper venue. A contradictory hearing was held on March 10, 1995 to determine whether plaintiff's case should be dismissed or transferred to a court of proper venue. Judge Patrick Morrow, of the Twenty-Seventh Judicial District, granted Acadiana Railway's Exception of Improper Venue and ordered the case transferred to the Twelfth Judicial District Court for Avoyelles Parish upon finding that the accident/injury occurred in Avoyelles, thereby making Avoyelles a parish of proper venue pursuant to La.Code Civ.P. art. 74.
Subsequent to the case being transferred to the Twelfth Judicial District Court in Avoyelles, Acadiana Railway filed an Exception of Prescription. Acadiana Railway contended that plaintiff's action had prescribed because the original filing of the suit in St. Landry Parish, a parish of improper venue, did not interrupt the running of prescription and service of process was made after the prescriptive period had expired. After a contradictory hearing was held on January 26, 1996 in the Twelfth Judicial District, Judge Michael Johnson denied Acadiana Railway's Exception of Prescription, finding that St. Landry was a parish of proper venue and prescription was interrupted by the filing of the suit.
From this ruling, Acadiana Railway filed a writ application with this Court, as well as this appeal. However, in writ 96-490, this court denied Acadiana Railway's writ application, finding "no error in the denial of the exception of prescription...." Based upon this court's decision in the writ, Acadiana Railway's appeal was dismissed as moot. In response to this court's dismissal of said appeal, Acadiana Railway filed a writ application to the Louisiana Supreme Court. On January 6, 1997, the supreme court granted Acadiana Railway's writ application on the appeal and remanded it to this court for "briefing, argument ... and full opinion." Johnson v. Acadiana Railway Co., 96-2701 (La.1/6/97); 685 So.2d 129.
On remand, Acadiana Railway asserts that the Twelfth Judicial District Court erred in: (1) failing to recognize and give full force and effect to the judgment of the Twenty-Seventh Judicial District Court which granted defendant's exception of improper venue; (2) acting as a de facto court of appeal in reviewing and overruling the factual findings and conclusions of law reached by the Twenty-Seventh Judicial District Court which granted defendant's exception of improper venue; (3) conducting a de novo review of the factual findings and conclusions of law reached by the Twenty-Seventh Judicial District Court; and, (4) relying on hearsay evidence to overrule the Twenty-Seventh Judicial District Court's findings of fact and conclusions of law.

LAW
The prescriptive period for an action instituted under FELA is provided in 45 U.S.C. § 56 which provides, in pertinent part: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." In the instant case, suit was filed on the last day of the prescriptive period in St. Landry Parish. The transferor court, the Twenty-Seventh Judicial District Court for the Parish of St. Landry, granted Acadiana Railway's exception of improper venue. It is this determination that Acadiana Railway urges this court to recognize as the "law of the case" and controlling on the transferee court.
In support of its first three assignments of error, Acadiana Railway argues the following: (1) law of the case doctrine; (2) improper review by one district court exercising appellate function over another district court; and, (3) res judicata. For clarity, we will handle these assignments together.
The law of the case doctrine "recognizes the binding force of trial court rulings during later stages of the trial...." Pitre v. Louisiana Tech University, 26,388, p. 1 (La.App. 2 Cir. 5/10/95); 655 So.2d 659, *229 664, writs granted, 95-1466, 95-1487 (La.10/6/95); 661 So.2d 454, reversed on merits, 95-1466, 95-1487 (La.5/10/96); 673 So.2d 585; see also Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). The reasons for this doctrine are: (1) avoidance of indefinite litigations; (2) consistency of results in same litigation; (3) essential fairness between the parties; and, (4) judicial efficiency. Furthermore, the doctrine applies only where the facts and issues remain substantially the same and the parties to the litigation had their day in court. Alternatively, the principle of res judicata provides for the preclusive effect of a judgment, once valid and final, on the same parties concerning the same issue. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-654, 95-671 (La.1/16/96); 666 So.2d 624. See La.R.S. 13:4231. And lastly, the Louisiana Constitution vests appellate jurisdiction exclusively in the Courts of Appeal. La. Const. art. V, § 10.
Acadiana Railway's contentions are mistakenly premised on the belief that the Twelfth Judicial District Court made a conclusion of law that St. Landry was not a parish of proper venue. However, it is clear from Judge Morrow's order transferring the action, as well as Acadiana Railway's own argument at the hearing on its exception of prescription, that the parties stipulated that St. Landry was not a parish of proper venue. The order, rendered in the Twenty-Seventh Judicial District, read:
The parties stipulated that St. Landry Parish was the improper venue.
The court then considered evidence and argument as to whether or not the case should be dismissed or transferred to Avoyelles Parish, the court of proper venue.
After considering arguments of counsel, documentory [sic] evidence submitted and stipulations of the parties with respect to the matter the court concludes that the cause of action arose in Avoyelles Parish and that the defendant's office is in Ouachita Parish[.]
The order clearly provides that Judge Morrow made findings as to where the action arose and where Acadiana Railway's registered office is located and, whether the action should be dismissed or transferred; not whether St. Landry was or was not a parish of proper venue.
The jurisprudence in our state clearly provides that "stipulations involving questions of law are given no effect, since it is the function of the courts to construe the law." Commercial Nat'l Bank v. Steele, 542 So.2d 1154, 1156 (La.App. 2 Cir.1989); see also State v. Ward, 314 So.2d 383 (La.App. 3 Cir.), writ denied, 319 So.2d 440 (La.1975), and citations therein. As such, whether St. Landry was a parish of improper venue, which is a question of law, cannot be stipulated to by the parties nor was it decided by the Twenty-Seventh Judicial District Court. Accordingly, the Twelfth Judicial District Court clearly had the power, as well as the obligation, to examine the question when determining whether Mr. Johnson's action had prescribed. Judge Johnson recognized this when he stated: "So, the inquiry here, today, is in my opinionnot whether Judge Morrow was correct or not correct, the inquiry is whether St. Landry was a proper venue."
Acadiana Railway's only remaining assignment concerns whether the Twelfth Judicial District Court was correct in its determination that St. Landry Parish was a proper venue under La.Code Civ.P. art. 74, in connection with its finding that Mr. Johnson's action had not prescribed. Upon consideration, we conclude that St. Landry Parish was not a parish of proper venue.[1]
The general rule for venue is that a suit will be brought against a defendant domiciled in Louisiana in the parish of his/her domicile. La.Code Civ.P. art. 42. However, the legislature has created several statutory exceptions to this general rule. La.Code Civ.P. arts. 71-85. A party urging the benefit of one of these statutory exceptions must *230 prove that he falls within the parameters of the exception. Olinde v. Couvillion, 94-1275 (La.App. 4 Cir. 2/23/95); 650 So.2d 1241.
It was undisputed that Avoyelles Parish, as the parish where the offense or quasioffense occurred, and Ouachita Parish, as the parish of Acadiana Railway's registered office, were available venues for Mr. Johnson to file his action to interrupt prescription. See La.Code Civ.P. arts. 42 & 74. Furthermore, it was undisputed that the suit was not filed until the last day of the prescriptive period. As such, the only dispute concerned whether St. Landry Parish, the parish where the suit was filed on the last day of the prescriptive period, was a parish of proper venue thereby interrupting prescription. Mr. Johnson, as the party attempting to invoke a statutorily created exception to venue, had the burden of proving that St. Landry Parish did qualify under an exception to the general rule of venue codified at La.Code Civ.P. art. 42. See La.Code Civ.P. arts. 71-85.
In denying defendant's exception of prescription, Judge Johnson concluded that under La.Code Civ.P. art. 77, St. Landry Parish was a parish of proper venue.
La.Code Civ.P. art. 77 provides:
An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42 only, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.
We note that this article provides that more than merely having an office in that parish is necessary, in order for this additional parish to be a place of proper venue. The office or establishment providing supervision over the matter in dispute must be located in that parish. The record is void of any evidence supporting that Acadiana Railway's office located in St. Landry Parish enjoyed any supervisory powers over Mr. Johnson or this accident. Accordingly, applying Louisiana law, we find prescription was not interrupted by filing suit in St. Landry Parish, a parish of improper venue. Therefore, under Louisiana law, if such law was applicable, plaintiff's cause of action had prescribed prior to process being served on the defendant.
However, in examining this issue, we conclude that since Mr. Johnson's action was brought pursuant to a federal statute, we must look to federal jurisprudence to ascertain the meaning of the substantive features of its provisions. Prescription, one of these substantive features, requires such an examination. In Herb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945), the United States Supreme Court clearly pronounced what is necessary to commence an action under FELA as a matter of federal law. Speaking on the issue of when an action is "commenced" under FELA, our country's highest court stated:
We are unable to agree to an interpretation of the federal statute by which a case is not `commenced' for its purposes unless instituted in a court with power to proceed to final judgment. An action is `commenced' for these purposes as a matter of federal law when instituted by service of process issued out of a state court, even if one which itself is unable to proceed to judgment, if the state law or practice directs or permits the transfer through change of venue or otherwise to a court which does have jurisdiction to hear, try, and otherwise determine that cause.... Clearly however, when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment without issuance of new initial process, it is enough to commence the action within the federal statute.
Id. at 78-79, 65 S.Ct. at 954-55. (Emphasis added).
It was undisputed that service of process was not made on the defendant until after the running of the prescriptive period. Accordingly, applying federal law, we conclude that Mr. Johnson's cause of action was prescribed prior to defendant's receipt of process on January 11, 1995.

DECREE
For the foregoing reasons, the trial court's judgment is reversed. IT IS HEREBY ORDERED, *231 ADJUDGED, AND DECREED that defendant's exception of prescription be maintained and, accordingly, that judgment be rendered in favor of defendant-appellant, Acadiana Railway Company, dismissing with prejudice, plaintiff, Gary Wayne Johnson's, demands against it. All costs are assessed to plaintiff.
REVERSED AND RENDERED.
NOTES
[1] In light of the Louisiana Supreme Court's remand of this appeal, adequate disposition requires us to examine whether this action had prescribed prior to process being served on Acadiana Railway, or alternatively, whether prescription was interrupted when suit was filed in St. Landry Parish. Therefore, we reconsider fully the issue of the correctness of the lower court's denial of the exception of prescription and this court's earlier decision to deny that writ.