United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-10691
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSEPH R. KIRKHAM, JAMES MARK MURPHY,

                                        Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-11-1
--------------------

Before SMITH, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

     A jury convicted Joseph Kirkham and James Murphy of health care fraud in violation of 18 U.S.C. §§ 1347 and 2. In a prior appeal, we remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). The district court imposed the same sentences under the now-advisory Guidelines as it had imposed under the pre-Booker mandatory Guidelines.

     The defendants jointly appeal their sentences and contend that the loss calculation recounted in the presentence report

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(PSR) as the basis for their sentences was improperly based on the claims paid by insurers, without proof that every claim was fraudulent. They point to no evidence showing that any particular calculated claim was not in some way fraudulent.

We review their contention clear error. United States v. Messervey, 317 F.3d 457, 464 (5th Cir. 2002). Intended loss is a proper measure of loss in this fraud case. See id. The sentencing court was not required to determine the loss with precision, as long as its estimate was reasonable in light of available information. United States v. Humphrey, 104 F.3d 65, 71 (5th Cir. 1997).

The district court calculated the intended loss based on a "Victim List" for each defendant setting forth the amount of funds the victimized insurance companies disbursed based on the claims submitted by the defendant. Based on the broad extent of the scheme as demonstrated by the trial evidence, it was not clearly erroneous for the district court to conclude "that all of the similar claims under consideration were part and parcel of the same fraudulent scheme." See United States v. Austin, 432 F.3d 598, 600 n.2 (5th Cir. 2005). The PSR was sufficiently reliable to establish the amount of loss intended by the defendants' fraud scheme. See Humphrey, 104 F.3d at 71; § 2F1.1, comment (n.8) (Nov. 2000). Because the defendants submitted no evidence to show that the information in the PSR was materially untrue, the district court was free to adopt the PSR without

further explanation.  Id.; see United States v. Caldwell, ___

F.3d ___, No. 05-30263, 2006 WL 1075594, *1 (5th Cir. Apr. 25,

2006) (post-Booker sentence).

The defendants also contend that the district court's

assessment of the reasonableness of their sentences in light of

18 U.S.C. § 3553(a) was perfunctory and inadequate.  The

defendants were sentenced within properly calculated guideline

ranges, and they have failed to rebut the presumption that their

sentences were reasonable.  See United States v. Alonzo, 435 F.3d

551, 554 (5th Cir. 2006).

The judgment of the district court is

AFFIRMED.