# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2010

No. 08-10482

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSEPH R. KIRKHAM

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-11-1

Before JOLLY and DENNIS, Circuit Judges, and JORDAN, District Judge.[*]

PER CURIAM:[**]

Joseph R. Kirkham appeals the district court's dismissal of his motion filed pursuant to 28 U.S.C. § 2255. The district court found that the motion was untimely filed and that Kirkham was not entitled to the benefit of equitable tolling. We granted a certificate of appealability ("COA") for the issue of whether the district court abused its discretion by refusing to apply equitable tolling.

---

[*] District Judge, Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10482

I.

In 2003, a jury convicted Kirkham of health care fraud in violation of 18 U.S.C. § 1347. He was sentenced to 120 months of imprisonment. After this court remanded for resentencing in the light of *United States v. Booker*, 543 U.S. 220 (2005), *United States v. Kirkham*, 129 F. App'x 61 (5th Cir. 2005) (unpublished), the district court imposed the same 120-month sentence. This court affirmed the sentence, and the Supreme Court denied certiorari on October 10, 2006. *United States v. Kirkham*, 182 F. App'x 378 (5th Cir.) (unpublished), *cert. denied*, 549 U.S. 966 (2006).

The statute governing § 2255 motions establishes a one-year period of limitation for the filing of such motions. 28 U.S.C. § 2255(f). In Kirkham's case, that period began to run when the Supreme Court denied certiorari. Accordingly, he had until October 10, 2007, to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1) (providing that the one-year limitation period starts on the date the conviction becomes final); *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000) (holding that conviction became final when Supreme Court denied certiorari).

On October 5, 2007, five days before the end of the one-year limitation period, Kirkham delivered his § 2255 motion to prison officials for mailing. Kirkham's envelope used the address of the clerk of a Texas state district court rather than the address of the clerk of the federal district court in the same city. The state court returned the motion to Kirkham on October 12, and he mailed it to the proper federal district court on October 15.[1] The district court ordered

---

[1] In his § 2255 motion, Kirkham alleged that his counsel rendered ineffective assistance by failing to rebut factual findings of the presentence report that provided the basis for his sentence. He also contended that his counsel was ineffective for making a baseless argument for a jury trial on sentencing issues and for failing to present arguments relevant to sentencing under the post-*Booker* sentencing regime.

2

No. 08-10482

Kirkham to show cause why his motion should not be dismissed as time-barred. In response to the show-cause order, Kirkham explained to the district court that he had intended to mail the motion to the federal court but used the incorrect address, as a result of his misunderstanding of the usage of "district clerk" in the court directory in the prison law library. Kirkham stated that the late filing was done "through his clerical error."

On the Government's motion, the district court dismissed Kirkham's § 2255 motion as untimely and denied a COA. This court granted a COA on whether Kirkham is entitled to equitable tolling in the light of *Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965) (tolling limitation period where claim was filed in wrong court) and *Perez v. United States*, 167 F.3d 913 (5th Cir. 1999) (following *Burnett*).

## II.

Kirkham's § 2255 motion, which was delivered to prison officials for mailing to the federal district court on October 12, is untimely unless equitable tolling applies.

"The one-year limitations period of [§ 2255(f)] is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). "Equitable tolling is permissible only in 'rare and exceptional circumstances.'" *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177

3

No. 08-10482

F.3d 390, 392 (5th Cir. 1999). We review the district court's ruling on equitable tolling for abuse of discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

This court granted a COA on the question whether *Burnett* and *Perez* support application of the doctrine of equitable tolling in Kirkham's case, because the plaintiffs in those cases benefitted from tolling when they filed suit in the wrong court. We conclude, for the reasons that follow, that *Burnett* and *Perez* are distinguishable.

In *Burnett*, the petitioner filed an action against the railroad in Ohio state court under the Federal Employers' Liability Act. *Burnett*, 380 U.S. at 424. Although the Ohio state court had jurisdiction over the action, and the railroad was properly served with process, the state-court action was dismissed for improper venue. *Id*. at 425. Eight days after the state-court action was dismissed, the plaintiff filed an identical action in federal district court. The district court dismissed the action on the ground that it was untimely and barred by the FELA's limitation provision. *Id*. The Supreme Court held that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action." *Id*. at 427. The Court found that tolling the statute of limitations under such circumstances effectuated "the basic congressional purposes in enacting this humane and remedial Act, as well as those policies embodied in the Act's limitation provision." *Id*. 427-28. After noting that "[s]tatutes of limitations are primarily designed to assure fairness to defendants," *id*. at 428, the Court pointed out that the railroad was served with process and "could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that petitioner was actively pursuing his FELA remedy." *Id*. at 429-30. Furthermore, the plaintiff "did not sleep on his

4

No. 08-10482

rights but brought an action within the statutory period in the state court of competent jurisdiction" and "failed to file an FELA action in the federal courts, not because he was disinterested, but solely because he felt that his state action was sufficient." *Id*. at 429. The Court observed that the limitation period clearly would have been tolled if Ohio law had provided for the transfer of the case to the state court of proper venue. *Id*. at 431 (citing *Herb v. Pitcairn*, 325 U.S. 77, 78-79 (1945)). The Court reasoned that tolling the limitation period during the pendency of the state court action would promote the desired uniformity in FELA cases between states with transfer rules and those, like Ohio, without such rules. *Id*. at 433-34.

Kirkham's case is distinguishable from *Burnett* in several important respects. Burnett's FELA action was filed in a state court which had jurisdiction, although venue was improper, and process was served on the railroad. Kirkham's § 2255 motion was never filed by the state court, which had no jurisdiction over a § 2255 motion. *See* 28 U.S.C. § 2255(a) (providing for filing of motion in "the court which imposed the sentence"). The Government was not served or notified. Finally, the national uniformity that the Court found important in *Burnett* is not at issue in Kirkham's case because state and federal courts do not have concurrent jurisdiction over § 2255 motions.

*Perez*, the other case mentioned in our order granting a COA, is also distinguishable. In *Perez*, the plaintiff filed suit in state court against the Texas National Guard in September 1991, alleging that she was injured on September 29, 1990, when an Armored Personnel Carrier displayed by the Texas National Guard at a festival struck some camouflage netting poles that then struck the plaintiff and knocked her unconscious. 167 F.3d at 915. Several years after the suit was filed, the Texas National Guard advised the plaintiff's counsel that the guardsmen had been acting as employees of the federal government at the time of the plaintiff's alleged injury. *Id*. The state court dismissed the action on the

5

No. 08-10482

basis of state sovereign immunity in June 1995. *Id*. Two weeks later, the plaintiff filed a claim with the United States Army, which denied it on the basis of the two-year statute of limitations in the Federal Tort Claims Act ("FTCA"). *Id*. The plaintiff filed suit in federal district court the following May. *Id*. The district court dismissed the complaint and refused to apply equitable tolling. *Id*.

This court concluded that "Perez's error . . ., misunderstanding the dual nature of the Texas National Guard, is of the same magnitude as the error in *Burnett*." *Id*. at 918. The court stated that the errors in both cases "would have been uncovered through more careful legal research" and concluded that neither was a "garden variety claim of excusable neglect" because the plaintiffs in each case "took some step recognized as important by the statute before the end of the limitations period." *Id*. (internal quotation marks omitted). The court also emphasized that the erroneously filed lawsuit had provided the defendant with all the notice required by law because the filing of the claim against the Texas National Guard satisfied the FTCA's requirement that the claim be presented to the agency in writing before the end of the limitations period. *Id*. Moreover, the defendant's violation of a duty to forward a federal tort claim form to Perez "provide[d] an alternative justification for equitable tolling." *Id*. at 918-19.

Unlike the Army in *Perez*, the Government had no duty to facilitate the proper filing of Kirkham's § 2255 motion. The untimely filing here resulted from Kirkham's own clerical error in addressing the envelope to the state court rather than the federal court. Moreover, Kirkham's incorrectly addressed motion was never actually filed by the state court, and the Government was not served with or notified of the motion.

We therefore conclude that *Burnett* and *Perez* do not require application of the doctrine of equitable tolling in Kirkham's case. The actions in *Burnett* and *Perez* were actually filed, albeit in the wrong courts, and the defendants were notified of the actions against them. Furthermore, the mistaken filings in

No. 08-10482

*Burnett* and *Perez* were based on the plaintiffs' errors in understanding the law, while Kirkham's error was merely clerical. Kirkham was not misled about his cause of action or prevented in an extraordinary way from asserting his rights. His failure to mail his § 2255 motion to the correct court within the one-year limitation period was, at best, a "garden variety" claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling. *See Irwin*, 498 U.S. at 96.[2]

## III.

Because the circumstances of Kirkham's case are not rare and exceptional, the district court did not abuse its discretion by failing to apply the doctrine of equitable tolling. The judgment of the district court is, therefore

AFFIRMED.

---

[2] Kirkham argues that his motion was timely filed under the mailbox rule as applied in *Houston v. Lack*, 487 U.S. 266 (1988), because he placed the motion in the prison mail system before the expiration of the limitation period, even though he addressed the envelope to the wrong court. In *Houston*, the Supreme Court held that the *pro se* prisoner's notice of appeal was considered to have been "filed at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Id*. at 276. Kirkham points out that the prison log in *Houston* suggested that the prisoner might have mistakenly addressed the envelope containing his notice of appeal to the post office box number of the Tennessee Supreme Court rather than that of the Federal District Court in the same city. *See id*. at 268. The mailbox rule announced in *Houston* does not help Kirkham. Notwithstanding the prisoner's possible use of an incorrect post office box in addressing the envelope, the notice of appeal in *Houston* was ultimately filed in the proper federal district court without being returned to the prisoner, and the Supreme Court did not mention further any possible role of the incorrect address. *Id*. at 268-69. Furthermore, the Supreme Court stated that there was "no dispute . . . that the notice must be directed to the clerk of the district court – delivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the district court." *Id*. at 272-73. *Houston v. Lack* applies to questions relating to the timing of a filing in a proper court; it does not address errors of mailing to an improper court.