BRYSON, Circuit Judge,
dissenting.
The question before us boils down to whether the Arctic Slope Native Association (“ASNA”) was diligent in pursuing its breach of contract claim. The majority believes that it was; I believe that it was not.
I
The Supreme Court has held that a litigant seeking equitable tolling “is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.” Holland v. Florida, — U.S. -, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The Court has allowed equitable tolling “where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass.” Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96 & n. 3, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Neither of those conditions is present here. ASNA does not suggest that its failure to present its claims on a timely basis was the result of government misconduct, and this case does not involve the filing of a defective pleading, such as a pleading filed in the wrong court. E.g., Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); Herb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945). Moreover, although the Supreme Court in Irwin cited Ameri *1299 can Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), as an example of a case in which the timely filing of a defective class action tolled the limitations period as to individual claims of purported class members, see 498 U.S. at 96 n. 3, 111 S.Ct. 453, it has already been determined that class action tolling is unavailable to ASNA. In Arctic Slope Native Ass’n v. Secretary of Health & Human Services, 583 F.3d 785, 795 (Fed.Cir.2009) (‘Arctic Slope I”), we rejected ASNA’s claim that it is entitled to class action tolling based on its expectation that it would be a class member in the Zuni litigation, so that avenue of relief is closed.
II
In my view, ASNA did not exercise reasonable diligence to protect its rights. ASNA could have, and should have, presented its claims to the contracting officer within six years of their accrual, for two reasons. First, although ASNA claims that it relied on the class certification in the Ramah litigation, ASNA had two indications, prior to the expiration of the six-year limitations period, that certification of the class in Ramah may have been unusual: (1) the Ramah court itself suggested, as the case evolved and certain claims were added (namely, claims alleging that the tribes’ full contract support costs should be paid), that the continued appropriateness of a class action was questionable, and (2) the district court in the Cherokee case denied class certification on claims essentially identical to those presented in Zuni. Second, it would have been very easy for ASNA simply to present its claims to a contracting officer and comply with the statutory presentment requirement.
The indications that the Ramah certification may have been questionable would have led a reasonably diligent party to file its claims with the contracting officer before they expired. Approximately a decade after the Ramah complaint was filed, the Ramah plaintiffs added new claims similar to those in the Cherokee and Zuni cases. On December 6, 2002, the Ramah court entered an order noting that the government would resist class certification on at least one of the new claims and that “decertification of [both claims] is a possibility.” Ramah Navajo Chapter v. Norton, 250 F.Supp.2d 1303, 1308 (D.N.M.2002). And in Cherokee, which involved claims essentially the same as those presented in Zuni, the district court denied class certification in February 2001, prior to the expiration of ASNA’s claims. Although the court in that case denied certification because individual questions predominated over class questions, the court noted that the government had argued that certification was inappropriate because the proposed class “fail[ed] to exclude putative class members whose claims in this case are barred by the six-year general statute of limitations.” Cherokee Nation of Okla. v. United States, 199 F.R.D. 357, 362 (E.D.Okla.2001).
ASNA nevertheless claims that “[t]he undisputed evidence is that ASNA was ‘surprised’ to learn that the government [in 2005 after the Supreme Court’s decision in Cherokee Nation v. Leavitt, 543 U.S. 631, 125 S.Ct. 1172, 161 L.Ed.2d 66 (2005) ] was insisting that every tribal contractor had to have individually presented its own claims.” ASNA claims it was surprised “because in Ramah [the district judge] had already ruled to the contrary, and because, based on that ruling, over $100 million dollars had already been paid to Ramah class members like ASNA who had never presented their claims.” Even if ASNA truly was surprised, the surprise can be attributed to — at best — negligence, *1300 which is “not a basis for equitable tolling.” See Holland, 130 S.Ct. at 2573. ASNA was or should have been aware of the statute requiring exhaustion within six years. ASNA was or should have been aware of the government’s position that claimants who had failed to exhaust were not eligible to be members of the classes in Ramah and Cherokee. Finally, ASNA was or should have been aware of the indications in both Ramah and Cherokee that the class in Zuni might not be certified.
The fact that the district judge in Ramah had previously held that presentment was not necessary in that case does not save ASNA here. Ramah was a different case and, at the time of the decision on which ASNA relies, that case did not involve claims similar to those presented by the plaintiffs in Cherokee and Zuni. Additionally, after the judge certified the class in Ramah, the six-year limitations period was added to the statutory exhaustion requirement. Thus, in addition to the fact that Ramah was a different case with different claims, the judge in Ramah was operating under a different statutory framework at the time class certification was granted than was the judge who denied class certification in Zuni Accordingly, a reasonably diligent party would have inferred that Zuni was not likely to proceed in the same manner as Ramah.
The diligence issue is also influenced by the fact that very little effort would have been required for ASNA to present its claims to the contracting officer. In Arctic Slope I, this court noted that the claim letter submissions to the contracting officer “need not be elaborate.” 583 F.3d at 797. The letters in the record consist of approximately two typewritten, single-spaced pages for each fiscal year. The letters for each year appear to be identical except for the amount of the claimed damages. It seems reasonable to assume that anyone familiar with the situation could have prepared the letters with minimal expenditure of time and effort. The damages figure itself appears to be the only element of the letters that required any effort to derive. However, ASNA presumably would have had to present the damages figures to the district court in Zuni had its case proceeded there, so there was no added burden on ASNA in having to obtain those figures. Accordingly, a prudent course would have been for ASNA to prepare and submit the letters prior to the expiration of its claims, even if it believed its participation in the Zuni class might ultimately make the letters unnecessary. ASNA knew or should have known that the statute required exhaustion, and ASNA knew or should have known that the government was seeking to enforce the statute. With that knowledge, a reasonably diligent party would have prepared and presented the letters prior to the expiration of the six-year period.
Even if ASNA’s conduct were regarded as satisfying the diligent pursuit of rights prong of Holland, nothing in ASNA’s presentation suggests that this case satisfies Holland’s second prong, which requires that in addition to demonstrating diligence, the party claiming equitable tolling against the government must show that “some extraordinary circumstance stood in his way and prevented timely filing.” Nor has the majority pointed to any facts that would suffice to meet that exacting standard.[1]
*1301 ASNA’s other arguments for applying equitable tolling are not convincing. First, ASNA contends that the government is not likely to be prejudiced by its failure to file its claims on a timely basis, but even assuming that to be the case, the absence of prejudice does not trigger the right to equitable tolling. See Baldwin Cnty. Welcome Center v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (“Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.”). Second, ASNA argues that equitable tolling is warranted because Indian tribes are disadvantaged and protected plaintiffs. This court, however, has specifically rejected that argument, noting that “statutes of limitations are to be applied against the claims of Indian tribes in the same manner as against any other litigant seeking legal redress or relief from the government.” Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576 (Fed.Cir.1988).
In sum, I believe that a reasonably diligent party in ASNA’s position would have presented its claims to a contracting officer before the six-year limitations period expired. Moreover, in this case there were no “extraordinary circumstances [that] stood in [ASNA’s] way and prevented timely filing.” Holland, 130 S.Ct. at 2562. I would therefore affirm the decision of the Board holding ASNA’s claims to be time-barred.

. The United States District Court for the District of Columbia has agreed that equitable tolling is unavailable to a party in essentially the same position as ASNA. Menominee Indian Tribe v. United States, 841 F.Supp.2d 99 (D.D.C.2012). While that decision is, of course, not binding on us, it contains a detailed analysis of the Supreme Court’s Irwin and Holland decisions and, as the only prece *1301 dent dealing with the precise issue before us, is entitled to careful consideration.