**F I L E D**

PUBLISH

**April 27, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN M. TURGEAU,

      Petitioner,

v.

ADMINISTRATIVE REVIEW
BOARD, UNITED STATES
DEPARTMENT OF LABOR,

      Respondent,

and

THE NORDAM GROUP, INC.,

      Intervenor.

No. 05-9503

---

**PETITION FOR REVIEW**
**OF AN ORDER OF THE ADMINISTRATIVE REVIEW BOARD OF THE**
**UNITED STATES DEPARTMENT OF LABOR**
**(No. ARB 04-005)**

---

Submitted on the briefs:[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Randall D. Huggins, Jonathan E. Shook, Shook, Huggins & Johnson, P.C., Tulsa Oklahoma, for Petitioner.

Howard M. Radzely, Steven J. Mandel, Paul L. Frieden, Joan Brenner, United States Department of Labor, Washington, D.C., for Respondent.

Stephen L. Andrew, D. Kevin Ikenberry, Andrew, Williams, & Ikenberry, Tulsa, Oklahoma, for Intervenor.

---

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

This equitable tolling case revolves around one crucial legal point–that a completely preempted state law claim becomes the federal claim that Congress enacted to replace the state remedy. Respondent Department of Labor and Intervenor The NORDAM Group, Inc. have not appreciated this key point. They therefore incorrectly argue, and the Department of Labor's Administrative Review Board (ARB) incorrectly held, that petitioner Brian Turgeau was not entitled to equitable tolling of his untimely filed federal administrative claim because his timely–and completely preempted–state complaint asserted a different claim.

Because the agency's stated reason for denying equitable tolling is invalid, the case is reversed. And because the agency does not argue that there is any further analysis of petitioner's claim for equitable tolling to be done, we remand

with directions for the agency to toll the statute of limitations on his federal administrative claim.

## I. Background

### A. Petitioner Filed Suit Against His Former Employer in State Court

Intervenor NORDAM is certified by the Federal Aviation Administration (FAA) as an air repair station and manufacturer of aircraft parts–in other words, NORDAM is a contractor for air carriers. NORDAM hired petitioner on May 10, 1999, to work as a "Manufacturer-B," Pet'r Br. at 1, and terminated him on September 27, 2002. In petitioner's view, NORDAM fired him because he complained to NORDAM that some of its manufacturing practices were outside the original manufacturer's specifications and violated FAA regulations. Petitioner filed suit in Oklahoma state court on November 22, 2002, fifty-six days after his termination. He purported to assert two claims under state law for wrongful discharge and failure to pay wages, asserting that he was fired in retaliation for complaining about NORDAM's manufacturing processes.

### B. Petitioner's Former Employer Removed the Suit to Federal Court

On December 26, 2002, NORDAM filed a notice of removal, asserting that petitioner's wrongful discharge claim, "although pled as a state-law cause of action," was nevertheless a federal claim for jurisdictional purposes because it

was completely preempted by "AIR21"–the Whistleblower Protection Program in Section 519 of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121. Admin. R., Doc. 17, Ex. B at 1-2. AIR21 was enacted on April 5, 2000, as an amendment to the Airline Deregulation Act of 1978. Pub. L. No. 106-181, 114 Stat. 61. Petitioner disagreed that his state wrongful discharge claim was completely preempted by federal law, and moved to remand. NORDAM then moved to dismiss petitioner's suit because he had failed to exhaust his administrative remedies under AIR21 by filing a complaint with the Secretary of Labor. See Admin. R., Doc. 17, Ex. A at 12.

Because NORDAM had attached some materials to its motion to dismiss, the district court treated it as a summary judgment motion. Id. at 1 n.2. On April 8, 2003, the court issued an order agreeing with NORDAM (after a lengthy analysis) that petitioner's state wrongful discharge claim was completely preempted and replaced by AIR21. Id. at 11, 12. The court also held that since petitioner had not filed an AIR21 complaint with the Secretary of Labor and received a final administrative order (as required by 49 U.S.C. § 42121(b)(1), (3) & (4)), he had failed to exhaust his administrative remedies under AIR21 and the court lacked jurisdiction to proceed. See Admin. R., Doc. 17, Ex. A at 12-13 & n.12. The court therefore granted summary judgment to NORDAM on

petitioner's wrongful discharge claim. Id. at 13.[1] In a footnote, the court noted that AIR21's ninety-day statute of limitations had expired, but that the delay in the case "was due to a good faith legal dispute regarding an unsettled question of federal preemption." Id. n.12. The court concluded that it lacked jurisdiction to consider whether equitable tolling should apply and, apparently assuming that petitioner would file an administrative complaint, stated that it was for the Secretary of Labor to settle that question. Id.

C. Petitioner Filed an Administrative Complaint Against His Former Employer

Petitioner did not appeal the district court's order. Instead, on April 11, 2003, he filed an AIR21 complaint with the Secretary of Labor, asserting a virtually identical claim as in his state suit, see Pet'r Br. at 4-5, and arguing that AIR21's statute of limitations should be equitably tolled. After the agency's investigation resulted in a letter stating that petitioner's claim had no merit because it was untimely, petitioner requested a hearing before an administrative law judge (ALJ), which was set for November. On September 3, 2003, NORDAM moved for summary judgment, arguing that petitioner's administrative complaint was untimely. Considering that petitioner was terminated on September 27, 2002, his April 11, 2003 administrative complaint was filed 202 days after his

---

[1]    It is not apparent from the materials what happened to petitioner's claim for unpaid wages.

termination–112 days late under AIR21's ninety-day statute of limitations. But if equitable tolling is applied, then petitioner's complaint was timely. He filed his state complaint fifty-six days after his termination, well within AIR21's ninety-day statute of limitations.

D. The ALJ Dismissed Petitioner's Administrative Complaint as Untimely

On October 3, 2003, the ALJ dismissed the complaint as untimely filed. Admin. R., Doc. 17, Ex. C. The ALJ used a three-part test for equitable tolling taken from cases from the Second and Third Circuits. That test allows

> a court to apply equitable tolling under three conditions: "(1) [when] the defendant has actively misled the plaintiff respecting the cause of action; [(2)] [when] the plaintiff has in some extraordinary way been prevented from asserting his rights, or [(3)] [when] the plaintiff has raised the *precise statutory claim* in issue but has mistakenly done so in the wrong forum.

Id. at 2 (citing Sch. Dist. of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981) (quoting Smith v. Am. President Lines, Ltd., 571 F.2d 102, 109 (2d Cir. 1978) (internal quotation marks omitted; emphasis added))). The ALJ added that there are two corollaries to the third condition: (3a) "the claim filed in the wrong forum must have been filed within the time limits that would have applied had the complaint been filed in the correct forum[,]" and (3b) "the plaintiff must have used the same statutory foundation when filing both the original claim and the subsequently filed claim." Id.

The ALJ considered only the third condition under which he believed equitable tolling could apply (and it is apparent that the first and second conditions do not help petitioner, anyway).[2]  Id.  The ALJ noted that the district court had held that petitioner's state retaliation complaint "was preempted by AIR21, verifying that the Complainant had filed his complaint in the wrong forum."  Id. (emphasis added).  But the ALJ held that while petitioner's state complaint was filed within AIR21's statute of limitations, it was not "made under the same statute" and it was insufficient that the underlying facts were the same.  See id. at 2-3.  Petitioner pointed out to the ALJ that another ALJ had applied equitable tolling in another case in essentially the same posture.  See Pet'r Br. at 6 n.2; Admin. R., Doc. 17, Ex. E.  The ALJ said that he disagreed with that other decision as being contrary to the weight of the law.  Admin. R., Doc. 17, Ex. C at 3 n.2.

E.  The ARB Dismissed Petitioner's Administrative Complaint as Untimely

On appeal, the ARB issued a decision on November 22, 2004, granting summary judgment to NORDAM and dismissing petitioner's complaint for almost

---

[2]    Petitioner pointed out some circumstances in which we have applied equitable tolling, but none of these help him:  where the plaintiff was actively deceived, was lulled into inaction, was actively misled, or was in some extraordinary way prevented from asserting his rights.  Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002) (citing prior cases).

the same reasons as the ALJ.  Id., Doc. 21.  The ARB repeated the ALJ's misstatement of the district court's holding, stating that petitioner's state claim was "preempted" rather than "completely preempted."  Id. at 2.  Then the ARB dismissed because petitioner's state suit cited state law instead of the "precise statutory claim," AIR21.  Id. at 4.  The ARB also stated that an AIR21 claim had different requirements of pleading and proof than petitioner's state claim, and was therefore not the same.  Id.  The ARB also stated that equitable tolling is generally unavailable when a claimant is represented by counsel.  Id.  (An examination of the one circuit case upon which the ARB relied shows that this was not an independent basis for that court to deny equitable tolling, but a factor in determining whether the plaintiff was misled into missing his filing deadline.  See Smith, 571 F.2d at 109-10.)

## II.  This Appeal

In this petition for review of the ARB's dismissal, petitioner argues that the claim he asserted in state court amounts to an AIR21 claim–he just cited state law instead of AIR21.  For this reason, he argues, AIR21's statute of limitations should be equitably tolled.

### A.  Standard of Review

AIR21 specifies that the standard of review is in the Administrative Procedure Act (APA), 5 U.S.C. § 706. 49 U.S.C. § 42121(b)(4)(A). Under § 706(2)(A), the ARB's action shall be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Our case law further states that

> [w]hen we review an agency's decision under the arbitrary, capricious, or abuse of discretion standard, our review is narrow and deferential; we must uphold the agency's action if it has articulated a rational basis for the decision and has considered relevant factors. However, these limitations do not apply to questions of law. The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.

Mountain Side Mobile Estates P'ship v. Sec'y of HUD, 56 F.3d 1243, 1250 (10th Cir. 1995) (quotations and citation omitted). Under the first sentence of § 706, "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." See also Phillips Petroleum Co. v. FERC, 786 F.2d 370, 374 (10th Cir. 1986).

In this case, the agency did not purport to disagree with the district court's holding that petitioner's state law claim was completely preempted, but its analysis of equitable tolling did not acknowledge or apply the legal consequences of the district court's complete preemption holding.

## B. Issues on Appeal

Petitioner's stated issue is a general one–whether the ARB erred by granting summary judgment on the basis that his administrative complaint was untimely and the time to file his AIR21 complaint was not equitably tolled. Pet'r Br. at 1. Petitioner restates his issue more specifically later as whether his state complaint was a "defective pleading" within the meaning of Supreme Court and Tenth Circuit cases that allowed equitable tolling when a defective pleading was filed in the wrong forum. Id. at 9. Petitioner also asserts that the ARB misconstrued and misapplied the test for equitable tolling by relying on Second and Third Circuit cases that require that the timely complaint state the precise statutory claim as the later, untimely complaint before equitable tolling can apply. Id. at 7.

NORDAM and the Department of Labor argue that this case is controlled by Johnson v. Railway Express Agency, 421 U.S. 454 (1975), a Supreme Court case which they contend holds that equitable tolling requires a "complete identity of claims" between the original complaint in the wrong forum and the later, untimely complaint in the correct forum. Resp't Br. at 14-18; Intervenor Br. at 8-10. While we do not dispute their characterization of the holding in Johnson, an important distinction in the facts of that case leads us to conclude that Johnson does not control the outcome of this case.

Because the agency did not dispute the district court's holding that petitioner's state law claim was completely preempted by AIR21, our case law demands the conclusion that his state complaint <u>did</u> state the precise statutory claim as his later administrative complaint because his state claim <u>was</u> an AIR21 claim. As a result, the agency's basis for denying equitable tolling is erroneous.

### III. Analysis

#### A. Equitable Tolling is Available to Excuse Late Filings
#### Based on Counsel's Legal Errors

The parties do not dispute that AIR21's statute of limitations is not jurisdictional and is therefore subject to equitable tolling. Resp't Br. at 11; <u>see</u> Intervenor Br. at 6. They dispute whether equitable tolling can be applied in this case.

"Statutes of limitations are primarily designed to assure fairness to defendants." <u>Burnett v. N.Y. Cent. R.R. Co.</u>, 380 U.S. 424, 428 (1965). They "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." <u>Am. Pipe & Constr. Co. v. Utah</u>, 414 U.S. 538, 554 (1974) (quotation omitted). "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right

-11-

to prosecute them." Id. (quotation omitted). But "[t]his policy of repose, designed to protect defendants, is frequently outweighed . . . where the interests of justice require vindication of the plaintiff's rights." Burnett, 380 U.S. at 428. Thus, equitable tolling excuses a plaintiff's untimely filing of a federal claim when the court determines that Congress intended that the plaintiff's federal rights should be enforced, despite his untimely filing. See id. at 426-27.

The Supreme Court "ha[s] allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 & n.3 (1990) (emphasis added). Thus, the Court tolled the statute of limitations when a federal suit was mistakenly filed initially in a city court, reasoning that

> [a]n action is 'commenced' [within the meaning of the relevant federal statute] when instituted by service of process issued out of a state court, even if one which itself is unable to proceed to judgment, if the state law or practice directs or permits the transfer through change of venue or otherwise to a court which does have jurisdiction to hear, try, and otherwise determine that cause.

Herb v. Pitcairn, 325 U.S. 77, 78-79 (1945).

The Court also excused a late filing in federal court where counsel simply made a mistake by filing his client's federal claim initially in the wrong venue of a state court and it was dismissed for improper venue because the state had no statute allowing the suit to be transferred to the proper venue. Burnett, 380 U.S.

at 426, 432-33.  The Court reasoned that Congress did not intend to bar a suit

where

> [p]etitioner . . . did not sleep on his rights but brought an action
> within the statutory period in the state court of competent jurisdiction
> [but improper venue].  Service of process was made upon the
> respondent notifying him that petitioner was asserting his cause of
> action. . . .  Petitioner, then, failed to file an . . . action in the federal
> courts, not because he was disinterested, but solely because he felt
> that his state action was sufficient [to assert the very same claim].

Id. at 429 (bracketed sections added).

The Court also tolled the statute of limitations on motions to intervene in a

lawsuit by potential members of a class action, after the trial court ruled that the

case would not proceed as a class action because the class was not so numerous

that joinder of all members was impracticable.  Am. Pipe & Constr. Co., 414 U.S.

at 552-56.  The Court reasoned that the initial filing by the purported class

representative put the defendants on notice "[w]ithin the period set by the statute

of limitations, [of the] essential information necessary to determine both the

subject matter and size of the prospective litigation," even if the actual trial

would proceed "as a principal suit with additional intervenors" instead of as a

class action.  Id. at 554-55.  This tolling rule has also been extended to include

putative class members who later seek to file independent actions.  Crown, Cork

& Seal Co. v. Parker, 462 U.S. 345, 353-54 (1983).

These Supreme Court cases appear favorable to petitioner, who argues that he did not sleep on his rights, but timely put NORDAM on notice that he was asserting a "whistleblower" action against the company by filing suit in state court. See Pet'r Br. at 9-13. To paraphrase a statement in Burnett, NORDAM could not have relied on the policy of repose since it filed a notice of removal asserting the complete preemption of petitioner's state claim, showing that NORDAM knew that an AIR21 claim had been timely filed against it. See Burnett, 380 U.S. at 429-30. Here, the state court, and in fact the federal district court, could not have adjudicated petitioner's AIR21 claim because the statute requires that the claim be filed initially with the Department of Labor. We have found no authority that would have allowed the case to be transferred from either the state court or the district court to the administrative agency. Nevertheless, the holding in Burnett suggests that it is not always necessary that the case be transferable to the correct tribunal for tolling to apply. See id. at 426, 432-33.

We have noted the Supreme Court's comment that it "ha[s] allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." E.g., Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002) (quoting Irwin, 498 U.S. at 96). Petitioner argues that his timely state court complaint was a defective

-14-

pleading to which equitable tolling applies, and correctly asserts that we have never defined "a defective pleading."

Because a "defective pleading" has never been clearly defined by either the Supreme Court or this court and none of the cases address AIR21, however, these cases do not compel a decision in favor of petitioner in this case.

B.  Equitable Tolling is Not Available Where Separate, Distinct, and Independent Remedies Exist, and Plaintiff Sleeps on His Rights with Regard to One of Them

As noted above, the Department of Labor and NORDAM argue that this case is controlled by Johnson, 421 U.S. 454, which they contend requires a "complete identity of claims" between the timely filing in the wrong tribunal and the later, untimely filing in the correct tribunal, and which they contend is factually similar to this case.  See Intervenor Br. at 9; see also Resp't Br. at 16-17.  Indeed, Johnson was the basis for the second corollary the ALJ and the ARB used in their test for equitable tolling.  See Admin. R., Doc. 17, Ex. C at 2. Unlike the parties, we do not believe that the legal holding of Johnson is a problem for petitioner.  More importantly, Johnson is clearly distinguishable on the facts.

In Johnson, the plaintiff filed a timely discrimination claim against his employer with the Equal Employment Opportunity Commission (EEOC), which, after a lengthy administrative delay in issuing the right-to-sue letter, eventually

-15-

led to plaintiff filing a complaint under Title VII, and then later filing a supplemental complaint adding a claim under 42 U.S.C. § 1981. Johnson, 421 U.S. at 455-56. The § 1981 claim was dismissed as untimely. Id. at 456. Plaintiff argued that the timely filing of his administrative complaint with the EEOC tolled the statute of limitations on his § 1981 claim. Id. at 457. The Supreme Court disagreed, holding that equitable tolling does not apply when the plaintiff has "separate, distinct, and independent" remedies, and has simply slept on his rights with regard to one of them. Id. at 461, 465-66. Therefore, the timely filing of the Title VII claim was not sufficient to lead to tolling on the § 1981 claim.

The Department of Labor argues that this is the case here–that petitioner slept on his rights with regard to his AIR21 claim. Resp't Br. at 16-17. But the district court's holding that petitioner's state wrongful discharge claim was completely preempted and replaced by AIR21 means that petitioner had no separate, distinct, and independent remedy under state law; the only remedy petitioner had for the alleged wrongful discharge from his aviation-related job was AIR21. Indeed, that argument was the basis of NORDAM's notice of removal. See Admin. R., Doc. 17, Ex. B at 1-2.

Neither the ALJ nor the ARB purported to decide anew whether petitioner's state wrongful discharge claim was completely preempted, and their decisions do not dispute the district court's holding on this point, although they misstated the district court's holding, saying that the court held that petitioner's state claim was "preempted" rather than "completely preempted." Admin. R., Doc. 17, Ex. C. at 2; Doc. 21, at 2. This is a meaningful difference. Under our case law, a completely preempted state claim states a federal claim. Therefore, the agency's grant of summary judgment in favor of NORDAM based on the conclusion that petitioner did not establish the complete identity of claims for purposes of equitable tolling was wrong.

### C. Preemption (Defensive) v. Complete Preemption (Artful Pleading)

"In deciding whether [a] suit arises under federal law, [the court] is guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996). Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law. Id. "The plaintiff is the 'master of the claim' and may prevent removal [to federal court] by choosing not to plead a federal claim even if one is available." Id. (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

"Under the 'artful pleading' doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 22 (1983)).

"The 'complete preemption' doctrine has been referred to as a corollary or an exception to the well pleaded complaint rule." Id. (citations omitted). "When the doctrine is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.'" Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)). A completely preempted claim "becomes a federal claim and can be the basis for removal jurisdiction." Coldesina v. Estate of Simper, 407 F.3d 1126, 1137 (10th Cir. 2005). "[A] state law claim is only 'completely preempted' under Taylor if it can be recharacterized as a claim under [federal law]." See Felix v. Lucent Tech., Inc., 387 F.3d 1146, 1156 (10th Cir. 2004); accord Schmeling, 97 F.3d at 1342 (holding that tension in Supreme Court cases can be resolved by reading "complete preemption" as a term of art–"a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal"). But cf. Coldesina, 407 F.3d at 1139 (holding that inability to recast

plaintiff's completely preempted state law claim as a federal claim simply left plaintiff without a remedy).

Under the description of "complete preemption" set out above, it is irrelevant what law the plaintiff cited in his state complaint, once the court decided that his purported state claim was completely preempted by and actually arose under federal law. See, e.g., Schmeling, 97 F.3d at 1339 (noting that plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim). As a result, the agency's insistence in this case that petitioner's state claim did not state an AIR21 claim because he did not cite AIR21 is unfounded. The ALJ's and the ARB's misstatement of the district court's holding indicate that these tribunals did not appreciate the distinction between a "preempted" claim and a "completely preempted" claim. See Admin. R., Doc. 17, Ex. C at 2; Doc. 21, at 2. Otherwise, their conclusions would have been different on equitable tolling, at least under the principles they purported to be following.

## IV. Conclusion

Petitioner challenges the test the agency used, but only to the extent it required that the "precise statutory claim" be asserted in both the timely claim in the wrong forum and the untimely claim in the proper forum. Pet'r Br. at 7. Because the complete preemption of petitioner's state claim established the

-19-

complete identity of claims the ARB's test demanded, it is unnecessary for us to address petitioner's challenge to the test the agency used. Petitioner also urges us to close the gap in our case law and define a "defective pleading" for purposes of equitable tolling, but it is unnecessary for the same reason.

For the reasons set out in detail above, we remand for equitable tolling to be applied because petitioner has shown that he meets the third condition of the test the agency used. The agency has waived any argument that there is any further analysis of petitioner's claim for equitable tolling to be done.

The petition for review is GRANTED, and the case is REVERSED for application of equitable tolling.