FILED
United States Court of Appeals
Tenth Circuit

April 6, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VINAY SAINI,

    Plaintiff - Appellant,

v.

HOSPITAL CARE CONSULTANTS,

    Defendant - Appellee.

No. 24-2162
(D.C. No. 2:24-CV-00113-MV-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Vinay Saini is a physician who filed claims against his former

employer, Hospital Care Consultants ("HCC"), for discrimination, hostile work

environment, retaliation, and numerous state law causes of action.  HCC moved to

dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  The district

court granted the motion and denied Dr. Saini's motion to amend.  Dr. Saini filed a

timely appeal.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Dr. Saini, a native of India, was employed by HCC in 2018 at the Gila Regional Medical Center in Silver City, New Mexico.  Between January 2018 and May 2018, Dr. Saini complained to HCC's director of operations about his pay and working conditions.  He alleges that in response, the director made "multiple adverse comments," including referring to him as "the complaining Indian doctor" and stating that "[p]erhaps in your culture and where you come from it is OK to act without consideration or compassion."  R. at 8 (internal quotation marks omitted).

On October 5, 2018, HCC terminated Dr. Saini's employment in a letter that stated he "had materially breached his employment contract."  *Id.* at 9.  His clinical privileges at Gila Regional Medical Center automatically ended upon his termination from HCC.  Although New Mexico regulations required Dr. Saini to report his termination to the New Mexico Medical Board ("NMMB"), he failed to do so.  As a result, the NMMB "publicly reprimanded" him for his failure to report his termination.  *Id.* at 10.

In July 2019, Dr. Saini filed a complaint with the Department of Labor Wage and Hour Division ("DOL"), contending HCC improperly withheld his final paycheck.  In May 2022, the DOL issued a decision finding HCC owed him back wages.  Five months later, the DOL disclosed its investigative files to Dr. Saini, and he discovered that on December 3, 2019, HCC had sent the DOL a letter stating HCC terminated his employment for reasons related to patient care.

On July 3, 2023, Dr. Saini filed discrimination charges with the New Mexico Human Rights Bureau ("NMHRB") and the Equal Employment Opportunity Commission. The agencies dismissed the charges and issued a right-to-sue letter.

Dr. Saini then filed a complaint in federal district court. His complaint included eight counts: (1) discrimination, hostile work environment, and retaliation under the New Mexico Human Rights Act ("NMHRA") and Title VII; (2) discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981; (3) breach of the covenant of good faith and fair dealing; (4) prima facie tort and unjust enrichment; (5) negligent misrepresentation and common law fraud; (6) intentional infliction of emotional distress; (7) defamation and false light; and (8) contractual and common law indemnification.

HCC moved to dismiss the claims under Rule 12(b)(6), and the matter was referred to a magistrate judge, who issued a recommendation that the district court grant HCC's motion in its entirety. Dr. Saini objected to the recommendation and moved for leave to amend the complaint. The district court overruled his objections, adopted the magistrate judge's recommendation in full, and denied the motion to amend as futile. This appeal followed.

## II. Discussion

We review a Rule 12(b)(6) dismissal de novo. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023). We accept as true all well-pleaded facts in Dr. Saini's complaint, view them in the light most favorable to him, and draw all reasonable inferences in his favor. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). We do not, however, assume the truth of conclusory

3

allegations. *See id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Because Dr. Saini proceeds pro se, we liberally construe his filings, but we do not act as an advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## A. Time-Barred Claims

### 1. Discrimination and Hostile Work Environment

The district court dismissed the discrimination and hostile work environment claims on the ground that Dr. Saini filed charges with the NMHRB and EEOC long after the respective deadlines for filing charges under Title VII and § 1981. *See* 42 U.S.C. § 2000e-5(e)(1) (300-day deadline for filing Title VII charges); N.M. Stat. Ann. § 28-1-10(A) (same deadline for filing of NMHRA charges); *EEOC v. Gaddis*, 733 F.2d 1373, 1377 (10th Cir. 1984) (deadline for filing § 1981 discrimination claims is governed by state statute of limitations for personal injury claims); N.M. Stat. Ann. § 37-1-8 (three-year statute of limitations for personal injury claims). HCC terminated Dr. Saini's employment on October 5, 2018, and he filed charges with NMHRB and EEOC nearly five years later, on July 23, 2023. So the district court concluded his discrimination and hostile work environment claims, under both Title VII and § 1981, were time-barred. Dr. Saini makes four arguments to the contrary, which the district court rejected. We discern no error in the court's rejection of Dr. Saini's arguments.

First, Dr. Saini argues that on the date of his termination, he had no reasonable basis to believe he had been discriminated against because HCC's termination letter

4

gave a "facially valid reason," Opening Br. at 18, and he only learned four years later that the reason provided was false.  The district court rejected this argument because "a claim accrues when the disputed employment practice—the demotion, transfer, firing, refusing to hire, or the like—is first announced to the plaintiff."  *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1177 (10th Cir. 2011).  Indeed, "an employee who discovers, or should have discovered, the *injury* (the adverse employment action) need not be aware of the unlawful *discriminatory intent* behind that act for the limitations clock to start ticking."  *Id.*; *see also Hulsey v. Kmart*, 43 F.3d 555, 558-59 (10th Cir. 1994) ("[N]otice or knowledge of discriminatory motivation is not a prerequisite for a cause of action to accrue . . . .  On the contrary, it is knowledge of the adverse employment decision itself that triggers the running of the statute of limitations.").  In this case, the adverse employment action was the termination of Dr. Saini's employment,[1] which occurred on October 5, 2018, and the district court correctly determined the limitations clock started ticking on that date.

---

[1] Dr. Saini now argues the district court misapprehended the nature of his discrimination claims.  He says his claims were not based on the termination of his employment, but on "the discriminatory application of work performance criteria," Opening Br. at 15, which he did not discover until he saw the DOL letter in October 2022.  This argument is belied by his complaint and proposed amended complaint, both of which premise his discrimination claims on his termination.  And even if his characterization of his claims were accurate, they would be doomed by the absence of an adverse action.  *See Hiatt v. Colorado Seminary*, 858 F.3d 1307, 1316 (10th Cir. 2017) ("[A] plaintiff must first establish a prima facie case for discrimination . . .by showing an employer took adverse employment action against the plaintiff . . . .").

Second, Dr. Saini argues that even if his discrimination and hostile work environment claims accrued on the date of his termination, equitable tolling should apply to save his claims. The district court held that equitable tolling did not apply, and we agree. Only "extraordinary circumstances . . . merit[] the employment of equitable tolling." *Amoco Prod. Co. v. Newton Sheep Co.*, 85 F.3d 1464, 1471 (10th Cir. 1996). Such circumstances include when "the case rise[s] to the level of active deception" or the plaintiff has been "actively misled." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (internal quotation marks omitted). Dr. Saini claims he was deceived because the reason HCC gave in the termination letter—breach of the employment contract—was inconsistent with the patient care issues HCC later identified in DOL proceedings. But as the district court observed, patient care issues are an adequate basis for asserting a breach of the employment contract, so HCC's letter was neither deceptive nor misleading. In addition, the district court observed that Dr. Saini's own allegations establish he was on notice of potential discrimination at the time HCC terminated his employment. He alleged that during his employment he had been the subject of racially motivated comments from a member of HCC management, and that in July 2019 he complained to the DOL that HCC had discriminated and retaliated against him.

Third, Dr. Saini argues that his DOL filing should have tolled the running of the limitations period during the pendency of the DOL proceedings. The district court rejected this argument because "equitable tolling does not apply when the plaintiff has separate, distinct, and independent remedies, and has simply slept on his

6

rights with regard to one of them." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (internal quotation marks omitted).  Dr. Saini filed his claim with the DOL's Wage and Hour Division, which handles claims relating to wages, overtime, and working conditions under the Fair Labor Standards Act.  We agree with the district court that those types of claims are separate and distinct from the remedies for discrimination and hostile work environment available under Title VII.[2]

Finally, Dr. Saini argues he could not have filed a discrimination charge with the EEOC during the DOL proceedings, because a foreign worker may pursue a discrimination claim under the Immigration and Nationality Act ("INA") but may not simultaneously pursue a discrimination claim under Title VII.  *See* 8 U.S.C. § 1324b(b)(2).  But as the district court correctly noted, Dr. Saini never filed a complaint under the INA, so nothing prevented him from pursuing a Title VII discrimination charge.  Dr. Saini argues his DOL filing counted as a claim under the INA because, pursuant to a Memorandum of Understanding,[3] the DOL may transfer a

---

[2] Dr. Saini cites an out-of-circuit case, *Granger v. Aaron's, Inc.*, 636 F.3d 708 (5th Cir. 2011), in support of his argument.  In *Granger*, the plaintiffs had mistakenly filed their claims with the DOL's Office of Federal Contract Compliance Programs instead of the EEOC.  *Id.* at 709.  The OFCCP not only accepted the claims, but it repeatedly assured the plaintiffs it was investigating their claims, it failed to follow its own regulations requiring it to notify the employer, and its delay in transferring the complaint to the EEOC was "egregious and exceptional."  *Id.* at 710, 713.  Under these circumstances, the Fifth Circuit held equitable tolling was appropriate.  *Id.* at 713.  Even assuming we found *Granger*'s reasoning persuasive, Dr. Saini's allegations come nowhere close to the facts of *Granger*.

[3] Memorandum of Understanding Between Office of Special Counsel for Immigration-Related Unfair Employment Practices Civil Rights Division U.S. Department of Justice and Wage & Hour Division U.S. Department of Labor

discrimination claim involving a foreign worker to the Office of Special Counsel ("OSC") at the Department of Justice. But we agree with the district court that (1) nothing in the Memorandum required the DOL to transfer the claim, and (2) in any event, Dr. Saini filed his DOL claim well after the deadline for filing a discrimination claim under the INA. *See id.* § 1324b(d)(3) (180-day deadline for filing discrimination claims under INA).

### 2. Unjust Enrichment

Dr. Saini's unjust enrichment claim is premised on HCC's alleged withholding of his final paycheck. The statute of limitations for unjust enrichment is four years. *See* N.M. Stat. § 37-1-4. Dr. Saini would have known of HCC's withholding soon after his termination on October 4, 2018, yet he did not file his unjust enrichment claim until February 5, 2024, more than five years later. Accordingly, the district court correctly held that his unjust enrichment claim was time-barred. Dr. Saini argues the statute of limitations was tolled during the pendency of the DOL proceedings, but for the reasons discussed above, we agree with the district court that tolling does not save his claim.

### B. Retaliation

The district court dismissed Dr. Saini's retaliation claims under Title VII and § 1981 because he failed to adequately allege a required element of retaliation—namely, a showing that he suffered an action that a reasonable employee would have found to be

---

Regarding Information Sharing and Case Referral (Jan. 13, 2017), https://www.dol.gov/sites/dolgov/filesWHD/legacy/files/DOJ.pdf.

materially adverse.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (listing elements of retaliation); *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1211 (10th Cir. 2008) ("The test for establishing a prima facie case for retaliation is the same under both Title VII and . . . § 1981.").  Dr. Saini alleges that HCC's letter to the DOL, which asserted that he was fired for issues related to patient care, constituted a materially adverse action.  He alleges the letter harmed him because it resulted in his being reprimanded by the NMMB for failing to report his termination of employment.

We agree with the district court, however, that HCC's letter was not material because Dr. Saini was obligated by New Mexico law to report his termination to the NMMB at the time of the termination.  The applicable regulation requires that "[a]ll . . . licensees . . . shall report any action adversely affecting the clinical privileges of the licensee . . . within thirty days after the action is taken."  N.M. Admin. Code § 16.10.10.9(A).  "Adversely affecting means reducing, restricting, suspending, revoking, denying, or failing to renew clinical privileges, or membership in a health care entity to include: terminating employment for cause."  *Id.* § 16.10.10.7(B) (emphasis omitted).  Dr. Saini's employment was terminated for cause in October 2018, thus triggering a duty to report to the NMMB.  The NMMB's reprimand was the result of Dr. Saini's failure to report his termination, not HCC's letter to the DOL.  We therefore discern no error in the district court's dismissal of this claim.

## C. Denial of Motion to Amend

Dr. Saini does not challenge the dismissal of his remaining claims as originally drafted, but he argues the district court erred in denying his motion to amend as to

those claims. "We review a denial of leave to amend a complaint for abuse of discretion," *SCO Group, Inc. v. Int'l Bus. Mach. Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018), but when the denial is based on a determination that amendment would be futile, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility," *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (internal quotation marks omitted).

### 1. Tort Claims

Dr. Saini's claims of prima facie tort, intentional infliction of emotional distress, negligent misrepresentation, and common law fraud were based on the allegation that he experienced harm when he was reprimanded by the NMMB for his failure to report his termination. He argues this harm resulted from HCC's originally telling him he had been fired for breach of contract, only to later tell the DOL that he had been fired for issues concerning patient care. Dr. Saini argues that if HCC had told him about patient care issues at the time of his termination, he would have known to report the termination to the NMMB. For the reasons discussed above, we reject the premise of Dr. Saini's tort claims. As the district court correctly held, Dr. Saini had an independent obligation to report his termination to the NMMB, so HCC's subsequent letter had no causative effect. Because Dr. Saini cannot allege a causal connection in support of these claims, amendment would have been futile. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

## 2. Breach of Covenant of Good Faith & Fair Dealing

Dr. Saini asserted a state law claim of breach of the covenant of good faith and fair dealing based on an alleged implied contract created by an HCC manual.  He contended the manual provides for a complaint resolution process that HCC failed to follow.  The district court dismissed the claim because, among other things, Dr. Saini failed to allege sufficient facts to show that HCC "'create[d] a reasonable expectation of contractual rights.'"  R. at 98-99 (quoting *Wilson v. Berger Briggs Real Estate & Ins.*, 497 P.3d 654, 661 (N.M. Ct. App. 2021)).  The district court also denied Dr. Saini's motion to amend because his proposed amended complaint failed to allege any representation or conduct by HCC to demonstrate that it intended the manual to be a binding contract, and amendment therefore would have been futile.  *See Lind*, 466 F.3d at 1199.  We discern no error in the district court's conclusion.

## 3. Defamation and False Light

Dr. Saini's defamation and false light claims were again premised on HCC's letter to the DOL regarding his alleged patient care issues.  The district court dismissed the claims because (1) "[t]he statement was only alleged to have been made during the DOL . . . proceeding and was thus protected by the litigation privilege"; (2) "[Dr. Saini] did not allege any concrete harm arising from the statement"; and (3) "[Dr. Saini] did not allege that the statement was false or placed him in a false light."  R. at 232.

In his proposed amended complaint, Dr. Saini alleged that HCC shared his "patient care issues" not only with the DOL but with other individuals and entities, including NMMB, Gila Regional Medical Center, and unspecified others.  He says that as

11

a result, he suffered actual injury in two ways:  (1) he is compelled to explain HCC's statement to other individuals and entities, including future employers, and (2) he suffered actual injury to his reputation when he was investigated by the NMMB and forced to defend himself in the NMMB investigation.  The district court held that neither of these new allegations meets the plausibility standard, and we agree.

Aside from the DOL, Dr. Saini does not explain how, when, or to whom HCC disclosed his alleged patient care issues.  His related assertion that he must explain the circumstances of his termination to future employers would be true even in the absence of HCC's assertion that he had patient care issues.  And his allegation about the NMMB investigation is implausible because it contradicts his own timeline.  Dr. Saini alleges the NMMB completed its investigation in July 2021.  Yet he claims he discovered HCC's statement about patient care issues in October 2022.  Dr. Saini could not have been forced to defend himself against an allegation he did not know about.  Because his new allegations in his proposed amended complaint are implausible, we agree with the district court that amendment would have been futile.[4]  *See Lind*, 466 F.3d at 1199.

### 4. Common Law and Contractual Indemnification

Dr. Saini's indemnification claims are premised on HCC's alleged failure to tell him that he was fired for reasons relating to patient care, causing him not to report his

---

[4] Dr. Saini's reliance on *Osuagwu v. Gila Regional Medical Center*, 938 F. Supp. 2d 1180 (D.N.M. 2013), is unavailing.  In contrast to Dr. Saini's vague allegations, in *Osuagwu* the plaintiff presented evidence the defendant had knowingly submitted a specific false statement on a specific date to a publicly available national database.  *Id.* at 1186-87.

termination to the NMMB.  The district court dismissed these claims because, as discussed above, Dr. Saini's claimed injury was caused not by HCC but by his own failure to report his for-cause termination.  In addition, the district court held Dr. Saini failed to identify a third party who was injured in tort by HCC's alleged actions or omissions.  *See New Mexico Pub. Schs. Ins. Auth. v. Arthur J. Gallagher & Co.*, 198 P.3d 342, 349 (N.M. 2008) (a requirement for an indemnification claim is that the indemnitor and indemnitee are liable to an injured third party).  Dr. Saini seems to identify NMMB as an injured third party, but NMMB was not injured in tort by his failure to report his termination.  The district court observed that in reprimanding Dr. Saini, the NMMB was merely carrying out its regulatory function.  Because Dr. Saini's proposed amended complaint did not rectify this flaw, the district court correctly concluded that amendment would have been futile.  *See Lind*, 466 F.3d at 1199.

### III.  Conclusion

We affirm the district court's dismissal of Dr. Saini's claims.

Entered for the Court

Joel M. Carson III
Circuit Judge

13