# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———

No. 02-4104

———

Andrew Bess,

        Appellant,

v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[PUBLISHED]

———

Submitted:  June 6, 2003
Filed:  July 28, 2003

———

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

———

PER CURIAM.

Andrew Bess (Bess) appeals the district court's[1] dismissal of his complaint seeking review of the Commissioner's denial of disability insurance benefits (DIB) and supplemental security income (SSI).  We affirm.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the proposed findings and recommended disposition of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

After an administrative law judge (ALJ) concluded Bess was not entitled to DIB or SSI, the Appeals Council denied Bess's request to review the ALJ decision, and on December 13, 1999, sent notice of the Council's decision to both Bess, at his last known address, and his attorney. Although his attorney received notice of the Appeals Council decision on December 17, 1999, Bess did not receive the decision until April 11, 2001, because he had failed to inform the Social Security Administration (SSA) of his new address. Bess filed his complaint on April 23, 2001. The district court dismissed the complaint as untimely.

We review de novo a district court's determination that a complaint seeking judicial review of the Commissioner's decision is untimely. See Johnston v. Paul Revere Life Ins. Co., 241 F.3d 623, 628 (8th Cir. 2001) (standard of review for issues of federal law involving statutory interpretation).

The Social Security Act establishes a mechanism for judicial review of final administrative decisions. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); see also 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)).

The promulgated regulations, however, are more lenient and provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision "is received by the individual." See 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481 ("You may file an action in a Federal district court within 60

days after the date you receive notice of the Appeals Council's decision."); <u>Caran v. Bowen</u>, 834 F.2d 720, 721 (8th Cir. 1987) (per curiam).  The regulations further provide that receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual.  <u>See</u> 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. §§ 404.1715(b), 416.1515(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.").

This court has yet to consider the effect of notice received by the individual's attorney on the sixty-day limitations period.[2]  We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period.  This approach is most consistent with section 405(g), with the federal regulations interpreting section 405(g), and with <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 92-93 (1990), in which the Supreme Court held that the time for filing a Title VII suit under 42 U.S.C. § 2000e-16(c) runs from the claimant's or the claimant's attorney's receipt of an Equal Employment Opportunity Commission (EEOC) letter, whichever comes first.  Because Bess's April 23, 2001 complaint was filed more than sixty days after his attorney's December 17, 1999 receipt of notice of the Appeals Council decision, his action was untimely.

We also conclude that equitable tolling of the limitations period is not justified in this case.  Bess did not personally receive timely notice of the Appeals Council

---

[2]We expressly do not address the issue whether the more lenient regulation (within sixty days after notice "received by the individual") is contrary to the statute (within sixty days "after the mailing" or such further time as the Commissioner "may allow").

decision due to his failure to notify the SSA of his new address. See Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam) (noting that equitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way); cf. Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) (equitable tolling of limitations period for Title VII claim inappropriate where EEOC claimant failed to notify agency of address change).

Accordingly, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.