# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3465

_____

Girish Chandra Sahu,      *
    *
      Appellant,      *
    *    Appeal from the United States
     v.      *    District Court for the
    *    District of Minnesota.
Michael J. Astrue,      *
Commissioner of Social Security,      *    [UNPUBLISHED]
    *
      Appellee.      *

_____

Submitted: April 7, 2009
Filed: April 10, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Girish Chandra Sahu appeals the district court's[1] order granting the Commissioner's motion to dismiss as untimely Sahu's action challenging the denial of his application for supplemental security income. Having conducted de novo review, see Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003) (per curiam), we agree with the district court that Sahu's action was untimely. In a November 14, 2006 letter,

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

mailed on November 16, the Appeals Council granted Sahu a final extension of time to file a civil action, to thirty days from the receipt of the November 14 letter, and further informed Sahu that receipt of the letter would be assumed within five days of the date on the letter unless he showed otherwise. See 42 U.S.C. § 405(g) ("[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow"(emphasis added)). Sahu did not file his action within this period (nor within thirty days of the date the November 14 letter was mailed), and he has never asserted, much less tried to show, that he did not receive the November 14 letter within the five-day grace period. Cf. Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (disability claimant rebutted regulatory presumption of timely receipt where he showed that October 14 notice was not even mailed until October 21).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____