# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2111

_____

Dennis Thomas Thompson,

*Plaintiff - Appellant,*

v.

Commissioner of Social Security Administration,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 17, 2018
Filed: March 22, 2019

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dennis Thompson filed a civil action in the district court challenging the Social Security Commissioner's denial of his application for disability insurance benefits. The district court[1] dismissed the action as untimely, and Thompson appeals. We

_____

[1]The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota, now retired, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

conclude that Thompson is not entitled to equitable tolling of the time limit, and we therefore affirm.

I.

In 2005, Dennis Thompson was diagnosed with a neurological disorder called transverse myelitis and other conditions. He applied in 2013 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. The Social Security Administration denied Thompson's application after a hearing before an administrative law judge, and the Appeals Council denied review in a letter dated July 27, 2015. The letter included the following text:

**If You Disagree With Our Action**

If you disagree with our action, you may ask for court review <u>only</u> of the Administrative Law Judge's decision concerning Supplemental Security Income by filing a civil action.

. . . .

**How to File a Civil Action**

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

. . . .

**Time To File a Civil Action**

• You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice.

Thompson received a thirty-day extension of time on November 13, 2015. The extension letter included the following language:

The Council has now received your request for more time to file a civil action (ask for court review).

**We Are Giving You More Time to File a Civil Action**

The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

The extension gave Thompson until December 18, 2015, to file an action in his local United States District Court.

Thompson's wife sent two letters on Thompson's behalf before the deadline, but she mailed both to the Social Security Administration rather than to the federal district court. One sent on December 10 began, "Dear Appeals Court, I am writing to respectfully disagree and appeal your decision regarding my disability and social

security benefits." The second sent on December 14 explained, "I am writing to add to the appeal regarding my client's disability status."

The Administration sent Mrs. Thompson a letter on January 6, 2016, acknowledging receipt of her "second request for review" of the ALJ's decision. The letter noted that the Appeals Council had granted Thompson an extension of time "to file a civil action in U.S. District Court," but noted that he still had not done so. At that point, Mrs. Thompson realized her mistake and made efforts to request another extension. Mrs. Thompson says that she went back and forth with the Administration after it repeatedly told her to wait until her December documents were "upload[ed] into the system." Mrs. Thompson eventually filed a *pro se* complaint on Thompson's behalf in federal district court on April 18, 2016.

The Commissioner moved to dismiss the complaint for lack of jurisdiction, arguing that Thompson failed to state a claim upon which relief could be granted. The Commissioner maintained that Thompson's action was untimely under 42 U.S.C. § 405(g), because it was filed after the extended deadline of December 18, 2015, and equitable tolling was inappropriate. After considering a responsive affidavit from Mrs. Thompson, the district court granted the motion, saying it was sympathetic to Mrs. Thompson, but "d[id] not have jurisdiction over a time barred case." Thompson appealed; we appointed counsel for Thompson and ordered briefing on whether he was entitled to equitable tolling. We have jurisdiction to address that question, *see Bowen v. City of New York*, 476 U.S. 467, 478, 480 (1986), and we consider the issue *de novo*. *Bess v. Barnhart*, 337 F.3d 988, 989 (8th Cir. 2003) (per curiam).

II.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Two other circuits have held that this two-part test from the habeas

-4-

corpus context applies to equitable tolling of 42 U.S.C. § 405(g). *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). The parties embrace that approach here, so we apply it without deciding whether an even stricter test might otherwise apply in a nonhabeas action. *Cf. Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 n.2 (2016).

The Commissioner does not dispute that Thompson diligently pursued his rights. The contested issue is whether an "extraordinary circumstance" kept Thompson from timely filing an action in the district court. To meet this standard, Thompson must show that an "external obstacle" prevented timely filing, for the test from *Pace* "would make little sense if equitable tolling were available when a litigant was responsible for its *own* delay." *Id.* at 756. Thus, "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.*

Thompson's delay was not beyond his control. Correspondence from the agency in July 2015 and November 2015 prominently stated that Thompson could "ask for court review" by filing "a civil action." The July notice letter specified that Thompson should proceed by "filing a complaint in the United States District Court for the judicial district" where he lives. Thompson does not dispute that he had the capacity to appeal: he did ask for review, but he sent his request to the wrong entity. Mrs. Thompson admitted that she simply made a mistake by sending the appeal to the wrong place. But by overlooking the directions in the two letters, Thompson was responsible for his own delay. There was no external obstacle that prevented a timely filing.

Thompson's arguments in support of extraordinary circumstances are unavailing. First, he relies on *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965), and *Herb v. Pitcairn*, 325 U.S. 77 (1945), for the proposition that equitable tolling applies where a claimant timely files in the wrong forum. We think this characterization overstates the holdings. Neither *Burnett* nor *Herb* addressed the

Social Security Act; in both cases, the plaintiff timely filed suit in a state court under the Federal Employers Liability Act, but the state court was an improper venue. *See Burnett*, 380 U.S. at 424-25; *Herb*, 325 U.S. at 78-79. In *Herb*, the complaint was timely filed in state court, and the Court held it was not untimely if the state court could transfer the action to a court with power to resolve it. 325 U.S. at 78-79. The state court in *Burnett* lacked a mechanism to transfer the action to the proper venue, but the Court nonetheless concluded the litigant was entitled to equitable tolling because he had "brought an action within the statutory period in a state court of competent jurisdiction." 380 U.S. at 429. The rationale of these cases does not extend to a situation like this one under § 405(g), where federal courts have exclusive jurisdiction over a claim, and the complainant mistakenly corresponds with an agency rather than a court of competent jurisdiction. *See Jackson*, 506 F.3d at 1357. Thompson's failure to file his appeal in the district court despite clear, repeated instructions that he should do so "is at best a garden variety claim of excusable neglect" for which equitable tolling is unavailable. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Second, Thompson argues that his untimely filing was due to his mental incapacity. "[T]he standard for tolling due to mental illness is a high one." *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008). A litigant seeking equitable tolling on that ground must show that "a mental condition prevented him from understanding and managing his affairs generally and from complying with the deadline he seeks to toll." *Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008). Mrs. Thompson asserted in the district court that Thompson suffers from mental health issues, but these afflictions did not prevent him from complying with the deadline. He was able to secure an extension of time and to send a *pro se* appeal and a follow-up letter, albeit to the wrong address, before the extended deadline. Thompson's ability to manage his affairs to this extent, with the help of his wife, precludes an inference that Thompson's mental condition prevented him from sending an appeal to the district court.

Finally, Thompson contends that "misdirection" by the agency in communications during early 2016 is an extraordinary circumstance. That alleged misdirection, however, occurred after Thompson already had missed the extended deadline of December 18, 2015, to file his action in the district court. Whatever additional delay the agency may have caused after the deadline did not prevent Thompson from timely filing in the first place.

\*  \*  \*

Thompson was not entitled to equitable tolling because no extraordinary circumstance prevented him from timely filing an action in the district court. His complaint was thus untimely, and the judgment of the district court is affirmed. The court appreciates the efforts of appointed counsel in presenting the case for Mr. Thompson.

_____