# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3414

———————————————

Steven Allen Nelson

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner of Social Security

*Defendant - Appellee*

————————

Appeal from United States District Court
for the District of Minnesota

————————

Submitted: June 29, 2020
Filed: July 7, 2020
[Unpublished]

————————

Before GRASZ, BEAM, and KOBES, Circuit Judges.

————————

PER CURIAM.

Steven Nelson appeals the district court's[1] order dismissing as time-barred his complaint seeking review of the Commissioner's denial of disability insurance

———————————————

[1]The Honorable Hildy Bowbeer, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

benefits and supplemental security income. After de novo review, see Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003) (per curiam) (standard of review), we find no error in the dismissal. We agree with the district court that the action was untimely under 42 U.S.C. § 405(g), and that Nelson did not allege any circumstances warranting equitable tolling of the limitations period, see Thompson v. Comm'r of Soc. Sec. Admin., 919 F.3d 1033, 1036 (8th Cir. 2019) (de novo review of whether plaintiff was entitled to equitable tolling; plaintiff bears burden of establishing that he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way). To the extent Nelson raised a constitutional claim regarding the denial of benefits, that claim is inextricably intertwined with his claim for benefits, and we lack jurisdiction to consider it. See 42 U.S.C. § 405(h) (no action against Commissioner shall be brought based on federal question jurisdiction); Heckler v. Ringer, 466 U.S. 602, 614-15 (1984) (when constitutional claim is inextricably intertwined with claim for benefits, § 405(h) bars jurisdiction).

The judgment is affirmed. See 8th Cir. R. 47B.

_____