**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2232
_____

JUDY CHRISTIAN PERCIVAL,
Appellant

v.

KELLEY ZIMMERMAN; JOANNE MULLIN; POLICE CHIEF ROBERT ADAMS;
SYLVIA SULLIVAN; TERRI GROVER; AXION HEALTHCARE LLC; AXION
CONTACT CENTER LLC, DBA Axion Healthcare Solutions LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-03993)
District Judge: Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2025
Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 6, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Judy Percival appeals the District Court's orders dismissing her complaint as time-barred and denying her motion for reconsideration. Because the District Court did not err in deeming the claim time barred, we will affirm the judgment.

I.

Percival, a Florida resident, was employed by Axion Contact Center from April 2016 to January 2018, and then again from August 2020 to January 2022. Percival was terminated from her position, and she filed complaints alleging employment discrimination with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC"). After the investigations closed, the EEOC issued Percival a right-to-sue letter that she received on October 28, 2022.

Percival filed a pro se federal complaint in the Southern District of New York via email to its temporary pro se filing email address.[1] To the complaint, Percival attached several Microsoft Outlook generated delivery notifications from her attempts at filing that included handwritten notes of Percival's communications with the pro se office. The District Court docketed the complaint on February 10, 2023. Percival hired an attorney who filed the operative amended complaint on June 30, 2023. The case was transferred to the District Court for the Eastern District of Pennsylvania on stipulation by the parties.

---

[1] Under Fed. R. Civ. P. 5(d)(3)(b), a pro se litigant may file electronically if allowed by court order or local rule. When Percival filed, the Southern District allowed pro se litigants to file via email to: temporary_pro_se_filing@nysd.uscourts.gov. See https://nysd.uscourts.gov/sites/default/files/2021-04/2021-04-21-Email-Instructions-pro-se-filings-final.pdf.

Appellee[2] filed a motion to dismiss under Federal Rule of Civil Rule 12(b)(6) asserting that Percival had failed to file her original complaint within 90 days of receiving a right-to-sue letter from the EEOC as required by 42 U.S.C. § 2000e-5(f)(1).  Appellee further asserted that Percival had failed to exhaust her administrative remedies, and that she otherwise failed to state a plausible claim under the ADA.  The District Court determined the complaint was untimely on its face and granted Appellee's motion to dismiss.[3]  Percival filed several letter motions for reconsideration, which the District Court denied.  Percival timely appealed.[4]

## II.

In her briefs,[5] Percival argues that the District Court ignored evidence demonstrating that she had timely filed her complaint.  In the alternative, Percival argues that the District Court erred in not applying equitable tolling because Appellee had

---

[2] Appellee refers only to Axion Contact Center as the parties' prior stipulation dismissed with prejudice Percival's claims against the individual defendants.

[3] Because the District Court dismissed the complaint solely as being time barred and declined to reach Appellee's other arguments as to why Percival had failed to state a claim, we do not address her arguments on appeal regarding the merits of the case.  See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (noting the "general rule . . . that a federal appellate court does not consider an issue not passed upon below").

[4] We have jurisdiction under 28 U.S.C. § 1291.  We may affirm the District Court's judgment on any basis supported by the record.  See Hildebrand v. Allegheny County, 757 F.3d 99, 104 (3d Cir. 2014).

[5] Percival filed an informal brief and a supplemental brief.  She also filed a motion for leave to file a second supplemental brief, which we grant.  We will consider the issues she raised in the three briefs.

interfered with her ability to file in an "extraordinary way," namely by hijacking her email and rerouting documents she had been sending to her then-lawyer in support of her complaint.

Statutes of limitations are affirmative defenses that may only be addressed on a Rule 12(b)(6) motion if untimeliness is apparent on the face of the complaint. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Where, as here, the District Court considered documents beyond the face of the pleadings to determine the date of filing and considered whether equitable tolling applied,[6] the issue should have been treated "in a manner consistent with Rule 56 for summary judgment." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). "However, we will not reverse the district court's dismissal if, applying the same test the district court should have utilized initially, plaintiff is not entitled as a matter of law to equitable tolling." Id. (cleaned up). The summary judgment standard requires that "we view the evidence in the light most favorable to [Percival] and take all of [her] allegations as true." Id.

A.

To bring an ADA discrimination claim in federal court, the plaintiff must file a claim with the EEOC, receive a right-to-sue letter, and then file her federal complaint

---

[6] While Percival attached relevant documents to her original complaint, she did not attach those documents to the amended complaint, and thus they are not properly part of the motion-to-dismiss analysis. See Royal Canin U. S. A., Inc., v. Wullschleger, 604 U.S. 22, 35 (2025); Evergreen Partnering Grp., Inc. v. Pactiv Corp., 720 F.3d 33, 40 n.2 (1st Cir. 2013).

within 90 days of receipt of the letter.  Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108, 108 n.4 (3d Cir. 2003); 42 U.S.C. § 2000e-5(f)(1).  Percival received her right-to-sue letter on October 28, 2022, giving her until January 26, 2023, to file her federal complaint.

The District Court determined the complaint was untimely based on the evidence Percival claims was ignored.  As the District Court noted, Percival twice attempted to file via email on January 25, 2023.  Her first attempt returned a Microsoft Office notification that delivery had failed.  Her second attempt returned a notification that delivery was complete.  On January 26, 2023, Percival sent another email and received the same notification.  Both of those emails were sent to temporaryprosefiling@nysd.uscourts.gov, rather than the address that the Southern District provided, temporary_pro_se_filing@nysd.uscourts.gov.  The documents then show Percival called the pro se office on February 10, 2023, when she was informed that there were "no records located" and she should "send again" to temporary_pro_se_filing@nysd.uscourts.gov.

A complaint is considered filed when it is received by the Clerk.  See, e.g., McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996).  The record evidence shows that the Clerk's Office received only Percival's properly addressed February 10, 2023 complaint.  Thus, the District Court correctly determined that the complaint was filed on that date—more than 90 days after Percival received the right-to-sue letter.

5

B.

We have construed the 90-day period as a strict statute of limitations and have held that "in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (citation omitted). Equitable tolling has been found appropriate in "sufficiently inequitable circumstances [such as] (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005) (cleaned up). However, equitable tolling is applied "sparingly" and is not available where there is only a "garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990).

Percival claims that Appellee hijacked her email, which "in some extraordinary way" prevented her from asserting her rights. But there is no evidence in the lengthy record supporting Percival's allegation that Appellee had hijacked her email or that Appellee had rerouted her emails and prevented her from sending documents to her then-lawyer. Further, Percival alleged that this hijacking occurred on January 23, 2023, and she does not allege that Appellee interfered with her emails to the District Court on January 25 and 26, 2023. Percival was thus not prevented "in some extraordinary way" from asserting her rights.

Further, courts have held that mailing a complaint or appeal to the wrong address despite proper instructions, without more, is one of those "garden variety claim[s] of excusable neglect" to which equitable tolling does not apply. See, e.g., Thompson v. Comm'r of Soc. Sec. Admin., 919 F.3d 1033, 1036–37 (8th Cir. 2019) (holding no equitable tolling applied because by mailing the appeal to the wrong address after being provided proper instructions, the plaintiff was "responsible for his own delay" and there had been "no external obstacle that prevented a timely filing"); see also Holland v. Florida, 560 U.S. 631, 657 (2010) (Alito, J., concurring) (characterizing "mail[ing] the petition to the wrong address" as an example of an error that would not warrant tolling). Percival similarly failed to fully follow the instructions provided her, see supra n.1, and thus sent her complaint to the wrong email address. Because her failed filing was due to her own error, Percival is not entitled to equitable tolling on that basis, either.

Because Percival is as a matter of law not entitled to equitable tolling, we will affirm the District Court's judgment.[7]

---

[7] We review the District Court's denial of a motion for reconsideration for abuse of discretion, Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999), which we do not discern here. Percival did not present any evidence that had not been available to her prior to the April 2, 2024 order and judgment.